## MORROW v. GAFFNEY MFG. CO.

1. PLEADINGS—PUNITIVE DAMAGES.—AN AMENDMENT to a complaint, on motion on notice alleging acts to have been done wilfully and maliciously, is permissible under sections 186a and 194, Code of Procedure.

2. EVIDENCE.—Question by plaintiff's counsel to him, "turned you off and kicked you out?" is not prejudicial to defendant.

3. IBID.—Where a plaintiff who is a minor is permitted without objection to testify as to his financial condition and that of his father, and as to the number and ages of his brothers and sisters, it is not error to permit like evidence by the father of plaintiff.

4. IBID.—WAGES.—Where the plaintiff, a child, is of weak mind and had testified what his wages were, and defendant's witnesses had testified that servants of that class received less pay in that mill, it is competent to show in reply what servants of that class usually received.

5. IBID.—A PHOTOGRAPH of another room may be used by a witness to demonstrate his evidence as·to location of objects in the room in question.

6. IBID.—EXPERT.—A witness should not be permitted to say whether he could have seen an object at a certain time in a certain place, as that would be giving an opinion.

7. NONSUIT.—There being some evidence on material points in plaintiff's case, nonsuit was properly refused.

8. JURY—CONTRIBUTORY NEGLIGENCE.—Where there has been evidence *pro* and *con* as to whether a plaintiff was of sufficient mental capacity to be guilty of contributory negligence, that question was properly submitted to the jury.

9. RISKS.—Under issues here charge as to assumption of risks was proper.

10. CONTRIBUTORY NEGLIGENCE—MASTER AND SERVANT.—If a servant know the rules of the master and fail to comply with them, and such failure is the proximate cause of his injury, he is guilty of contributory negligence.

Before JAMES P. CAREY, special Judge, Cherokee, December, 1903.   Affirmed.

Action by George Nicholls Morrow, by guardian *ad litem*, against Gaffney Manufacturing Co.   From judgment for plaintiff, defendant appeals.

*Messrs. P. H. C. Cabell* and *J. C. Jeffries,* for appellant, cite: *Testimony of father as to his financial condition and to number and ages of his children, improperly admitted:* 14 L. R. A., 677; 102 U. S., 451; 62 Tex., 602; 49 F. R., 706; 18 F. R., 238; 37 Mich., 205; Wood Railway Law, 1243; Thomp. on Neg., 1263; Shear. & Red. on Neg., 664; 50 Barb., 628; 6 Hill, 292; 8 Gray, 45; 55 Tex., 323. *Where proof shows that servant knew of the danger of his position, master is not liable for injury therefrom:* 55 S. C., 483; 157 Mass., 418; 131 N. Y., 631.   *Under facts here defendant had right to presume that plaintiff had sufficient mental capacity to be guilty of contributory negligence, and it was error to submit that question to jury:* 32 Am. R., 415; 58 Md., 347.   *There being no evidence as to defective*

*machinery, that question was improperly sent to jury:* 157 Mass., 418.

*Messrs. Evans & Finley* and *Butler & Osborne,* contra, cite: *The amendment was properly allowed:* 63 S. C., 311; 30 S. C., 564; 66 S. C., 12, 124; 65 S. C., 222, 308, 332; 64 S. C., 491. *Objection that evidence is irrelevant or incompetent, not considered:* 53 S. C., 253. *Evidence as to condition of father's family is competent to show that boy was deprived of ability to perform his legal and moral duties:* 39 S. C., 162; 60 S. C., 9.

November 24, 1904.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE.   The plaintiff brings suit to recover $15,000 damages for a personal injury from defendant.   Both compensatory and exemplary damages are alleged.   Trial had before Judge Dantzler and a jury. Verdict for $6,000 was rendered in favor of plaintiff.   A motion for a new trial was denied.   After entry of judgment, defendant appealed on the following grounds:

"1. Because his Honor erred in allowing the complaint amended by inserting therein the proposed amendment, which was as follows: '9. That the defendant company, through its agent, Patterson, plaintiff's boss, wilfully, wantonly, recklessly and negligently ordered the plaintiff to clean off the spinning frame, stating that it was standing, while the said Patterson knew or should have known said frame was not standing, but that the cylinder therein was revolving, and plaintiff having explicit confidence in the word and intelligence of said Patterson, not knowing that said cylinder was running, and (proceeded to clean the same) without any warning of the extra hazard being given by defendant, or its agents, by reason whereof the right hand of the plaintiff was caught in said revolving cylinder and the fingers thereof mashed and lacerated and

torn off, so that it was necessary to amputate all of them on said hand, causing him great pain, suffering and mental anguish, to his great damage in the sum of $15,000.' The error complained of being that the said amendment was a new cause of action, and one that was totally and wholly inconsistent and contradictory to the previous allegations of the complaint." The "Case" shows that a motion to amend, together with a copy of paragraph 9, was duly served upon the defendant before the trial, and that such motion to amend was called up and heard before the action was called for trial. A comparison of the original complaint and the proposed amendment shows that both grew out of the alleged injury of the plaintiff by the defendant; all the allegations show that plaintiff had his hand crushed in a machine operated in defendant's factory, on or about the 14th March, 1902, while plaintiff was in the employment of the defendant and under the direction of its officers. Section 194 of our Code of Procedure authorizes the Circuit Judge to allow amendments, "by inserting other allegations material to the case." We are satisfied that there was no error as here compalined of. The act of 1898, now embodied in section 186a of our Code, is in point. This exception is overruled.

"2. Because his Honor erred in not requiring plaintiff's counsel to examine witness, George Nicholls Morrow, in proper manner, and to instruct counsel not to make such remarks as 'and kicked you out.' The error complained of being that the tendency of such remarks was to prejudice the defendant's case with the jury." An examination of the "Case" for appeal will show, we think, this ground of appeal suggests too serious a view of the language of counsel for respondent. Here is the connection in which the language occurred, as well as a quotation of the exact language complained of. The plaintiff was being examined by his counsel: "Georgie, to whom did you look for your orders? Witness: To Mr. Patterson. Q. Mr. Patterson? Answer: Yes, sir. Q. Were you re-

quired to do what Mr. Patterson said? Answer: Yes, sir.
Q. If you didn't do what Mr. Pattersons said, Georgie,
what would be the result? Answer: Turned you off. Q.
Turned you off and kicked you out? Answer: Yes, sir."
Then defendant's counsel objected to such remarks. The
Court merely said, "Proceed with the examination, gentle-
men, and let the witness answer." Of course, the question
of counsel, "and kicked you out," was objectionable to the
nice propriety usually characterizing counsel in their exami-
nation of witnesses in Court, but no injury was wrought
to the defendant. This being the case, we cannot sustain
the exceptions. It is overruled.

"3. Because his Honor erred in allowing, over the objec-
tion of appellant's attorneys, the following question: 'Geor-
gie, don't you know he is a poor man?' meaning Georgie's
father. The error complained of being that such question
was not relative to any of the issues by the pleadings, was
not a competent question and was leading.

"4. Because his Honor erred in allowing the witness,
Morrow, the father of the plaintiff, to testify as to his finan-
cial condition, over the objection of appellant's counsel, to
the following questions: 'State, Mr. Morrow, what are your
circumstances as to the property, ownership of land or any-
thing like that.' 'Well, state your condition, Mr. Morrow,
as to this world's goods.' The error complained of being
that the financial condition of the father of this boy was
incompetent and irrelevant to the issues raised in the plead-
ings, and would tend to prejudice the case in favor of the
plaintiff against the defendant.

"5. Because the Court allowed the witness, Morrow, the
father of the plaintiff in this action, to testify, over the objec-
tion of the appellant's attorney, to the following questions:
'Those children, the ages of them, Mr. Morrow?' (meaning
witness's children). The error complained of being that
the family of the witness outside of the plaintiff, the number
and ages, had nothing to do with the issues raised in this
pleading, and that allowing such matters brought out in

form of evidence in connection with the witness's poverty, tended to bias the defendant's case before the jury."

We will presently copy what testimony the plaintiff was allowed without objection to give. The plaintiff was a poor boy—a minor; hence, when he testified as to his own circumstances, those of his father and sisters and brothers, whom he was helping to support, without objection from the defendant, there was presented an issue that made his father's testimony on that line competent. Here is the plaintiff's testimony:

"Q. Have you had to work, in addition to what your father gives you, for support? A. Yes, sir. Q. You do? A. Yes sir. Q. Is your father a wealthy man or is he a man of very moderate means—poor man—is he a poor man or rich man? A. He is sorter poor man. Q. Georgie, don't you know he is a poor man? Mr. Jeffries: Your Honor, I do not think that is proper evidence. The Court: I think it is relative to the issues. Mr. Evans: Well, sir, are you dependent for your living— Witness: Yes, sir. Q. —for what you work for and what your father works for? A. Yes, sir. Q. Your father does what? A. Weaves. Q. He weaves down in the mill here? A. Glendale. Q. He does not own any land, does he? A. No, sir. Q. So you had to work for your living? A. Yes, sir. Q. With your hand? A. Yes, sir. Q. In the mill? A. Yes, sir. Q. And that is all you have got, isn't it? A. Yes, sir. Q. Well, Georgie, have you ever had any education? A. No, sir. Q. Have you gone to school much? A. No, sir. Q. You have had to work— A. Yes, sir. Q. —instead of going to school? A. Yes, sir. Q. Is that it? A. Yes, sir. Q. Have you any brothers and sisters? A. Yes, sir. Q. How many? Can't you name them, Georgie; now, how many have you got? A. Got five. Q. Got five? A. Yes, sir. Q. Yes, sir; how many older than you and how many younger than you? A. I have got a sister older than I am— Q. That is all? A. Yes, sir. Q. All the rest younger than you? A. Yes, sir. Q. What is the age of

the youngest one, Georgie? Mr. Jeffries: May it please your Honor, that is not a proper way to question the witness. The Court: I do not see what the size of the family has to do with it? Mr. Evans: I want to show that it is a poor family, and he had to contribute to the support of the family. The Court: Well, I have allowed you to go to that extent. Mr. Evans (to witness) : Where did your wages go? To support yourself and to help your parents and your brothers and sisters? Witness: Yes, sir. Q. Are you able to earn as much now as you did then, Georgie? A. No, sir." Under these circumstances, the testimony was not improperly given. These exceptions are overruled.

"6. Because his Honor erred in allowing the witness, Morrow, father of the plaintiff, to testify to the following question, over the objection of appellant's counsel: 'Mr. Morrow, you are a man that has been working in the mill yourself—do you know the wages generally paid to sweepers?' The error complained of being: (a) That it was only competent to show what the plaintiff in this action was getting as a sweeper, unless it could be shown that he was getting the same as ordinary sweepers, and such evidence was never adduced. (b) Error because such testimony tended to contradict the plaintiff, who himself testified that he was getting fifty cents a day."

The mind of the young man was not considered very bright. He had spoken in his testimony of receiving fifty cents as a sweeper. Under the circumstances, it was legitimate to ask such questions to test this condition of his mind. A witness for the defendant testified that wages for a sweeper was from twenty-five to thirty-five cents a day. From this standpoint the testimony was not objectionable, and this exception is overruled.

Seventh and eighth exceptions. "7. Because his Honor erred in allowing the appellant's witness, Brannard Good, to explain, over appellant's objection, the arrangement of spinning room from a photograph other than the one of the place in which plaintiff was injured. The error complained of being that there was no

proof showing that the arrangement of the machinery was similar to that in the room in which plaintiff was injured." We have examined with care the testimony relating to a spinning room in a factory. Great care was taken to explain that the photograph was not the picture of defendant's spinning room. The Circuit Judge said: "I will admit the testimony as a picture that the witness might go down there and draw himself. I simply admit it as a demonstration made by the witness himself. You may except to that ruling if you want to." The witness merely pointed out the location of objects with reference as to windows, &c. This exception is overruled.

"9. Because his Honor erred in overruling defendant's question to Geo. Smith, which was as follows: 'By taking down the lids of that machine that day what could you have seen?' The error complained of being: (a) That the question propounded to witness was directly in reply to testimony brought out by plaintiff, that he could not see the wheels of the machinery on account of the darkness of the day. (b) That it was competent for the witness to testify what he could have seen if anything, by taking down the lids of the machinery." An examination of the testimony fails to disclose such alleged error. The exception is overruled.

"10. Because his Honor erred in overruling the question asked by the defendant's attorney of defendant's witness, John Graham, which was as follows: 'Now, under the condition of light in that room that day, could you have told whether the wheels in a frame were revolving, or a wheel seven inches in diameter was revolving, placed in same conditions?' (The witness having previously testified that he had been through that room that day.) The error complained of being that this was directly in reply, and upon the knowledge of the witness of the condition of the weather that day on which he would be entitled to give his opinion." The Circuit Judge had to avoid the expression of opinions

from witnesses who were not experts. He did right in this matter. Exception is overruled.

Eleventh and twelfth exceptions. These exceptions relate to the refusal of his Honor to grant a nonsuit. We have examined the testimony and find some testimony on material points in plaintiff's case. Hence no error. Exceptions are overruled.

"13. Because his Honor erred in charging the jury as follows: 'That it is for you to say, under all the testimony, whether the plaintiff in this case had sufficient age, intelligence and capacity to render him guilty of contributory negligence.' The error complained of being, it is respectfully submitted to this Court, that from the evidence adduced of the knowledge and experience the plaintiff had in the work he had been engaged in, the jury had a right to assume that he had sufficient capacity and intelligence to render him guilty of contributory negligence, without having to pass on that point." Both sides had offered testimony bearing upon this issue. Such testimony was for the jury and not the Judge to pass upon. This exception is overruled.

"14. Because his Honor erred in charging the jury as follows: 'Now he (meaning the servant) does not assume the risk of working with dangerous machinery or with machinery that was not kept in repair, because the law says that he has a right to expect the employer to furnish him with suitable machinery and to keep that machinery in repair.' The error complained of being: (a) That there is no allegation of defective machinery in the complaint. (b) That there is no allegation in the complaint of the machinery being out of repair. (c) That such charge is practically on the facts that the machinery was out of repair, and this especially in connection with that portion of the charge explanatory of appellant's first request to charge, which was as follows: 'One who attempts to do work which exposes him to an obvious and appreciated dan-

ger, even though he should not appreciate the whole extent of the danger, assumes the risk of injury, however his knowledge may have been acquired, there is no obligation upon the employer to give the workman warning of a known danger.' 'I charge you that, gentlemen, adding the words, "risks ordinarily incident to the employment," as I have already explained to you in my general charge.' " We cannot see how the charge, which embodies a correct principle of law, could have injured the defendant. The general charge of the Circuit Judge very admirably and ably presented the law. This exception is overruled.

"15. Because his Honor erred in charging appellant's second and third requests, which were as follows: '(2) It is the duty of the servant to obey reasonable rules adopted by the master for his benefit and protection, and if injured while acting in violation thereof, this will constitute such contributory negligence as to bar recovery, if the observance of the rules would have prevented the injury. (3) If a servant is conscious of the dangers, the fact that he for a moment forgets their existence and thereby sustains an injury, will not make the master liable,' by adding the folowing: 'I charge you that. I charge you the other one which I have just read, with the qualification which I have just given in my general charge as to contributory negligence—that is, as to whether the boy in this case was capable of being guilty of contributory negligence, and whether the contributory negligence operated or contributed as a proximate cause to the injury.' The error complained of being that with the knowledge the appellant had of respondent's experience and work in the line in which he was engaged, it had a right to assume that he was capable and had sufficient intelligence to do his work, and that it was improper to submit the question of capacity of contributory negligence to the jury." We think the Circuit Judge committed no error where he attempted to charge the law governing this branch of this case; for if the plaintiff was

too weak-minded to know what he was doing as a moral or intellectual being, of course, he was not amenable to the law relating to contributory negligence. Both plaintiff's and defendant's testimony was before the jury. It was the province of the jury to pass upon this issue. The Circuit Judge was anxious that his charge should not only be full, but also just. We, therefore, fail to find error, as here complained of. This exception is overruled.

"16. Because his Honor erred in submitting to the jury the capacity of respondent to be guilty of contributory negligence in modifying appellant's sixth request to charge, which was as follows: 'In an action to recover, if the plaintiff knew or had been told about the rules which, if he had followed in the performance of his duties, he would not have been injured, but acts in violation of such rules and is injured by not obeying the same, he cannot recover,' by adding the words: 'If the plaintiff was of sufficient age, intelligence and discretion to be guilty of contributory negligence.' The error complained of being: (a) That in failing to comply with the rules and going contrary thereto, would not be a case of contributory negligence. (b) That if it was contributory negligence, that the proof of experience and knowledge that this plaintiff had in the business in which he was engaged, it was wrong to submit to the jury the question of his capacity of being guilty of contributory negligence." This exception is unjust, unintentionally, of course, to the Circuit Judge. The whole charge shows very plainly that the Circuit Judge relied upon his previous definition of contributory negligence in his general charge, in which he had quoted the exact language of this Court, in the case of *Cooper* v. *Railroad,* 66 S. C., 91. Therefore, if a lad knew the rules of the defendant and failed to comply therewith, and such failure to comply with such rules was a proximate cause of his injury, he would be guilty of contributory negligence. It was not error to submit an issuable fact to the jury, as we have before remarked.

It is the judgment of this Court, that the judgment of the Circuit Court be and the same is affirmed.

MR. JUSTICE WOODS *concurs in the result.*