## TUCKER v. BUFFALO COTTON MILLS.

1. DISQUALIFICATION OF JURORS.—In a suit against one cotton mill, employees of that and another mill owned by a different corporation, but run by the same president, and an employee in a store ran by both corporations is not legally disqualified as jurors, but trial Court may excuse such persons from serving in the case if the circumstances are such as would afford a reasonable ground for apprehension of unfairness.

2. IBID.—It is not necessary that Judge examine juror on *voir dire* when no motion is made therefor, and objection is made on admitted facts.

3. DAMAGES.—In an action by a minor for damages for personal injuries amount paid physician by father for attention is not an element of damages.

4. EXAMINATION OF WITNESS.—How often counsel may be permitted to repeat same question which witness has answered must be left to discretion of trial Judge.

5. CAPACITY OF INFANT TO COMMIT CONTRIBUTORY NEGLIGENCE OR TRESPASS—JURY.—An infant between the ages of 7 and 14 is *prima facie* presumed incapable of committing contributory negligence or trespass and the burden of overcoming the presumption is on the party charging such negligence or trespass. If the facts admit of only one inference, the question is for the Court, otherwise for the jury.

6. CHARGE.—Statement in modifying request to the effect that if you find that plaintiff was not authorized by defendant to go to and put his hand near the machinery he was a trespasser "in this particular case plaintiff was a person of tender years" and submitting the issue of capacity to commit trespass to the jury, is not a charge on the facts, nor does it take from the jury the issue of trespass.

7. MASTER AND SERVANT—FELLOW SERVANT.—A section boss in a cotton mill whose duty it is to oil rollers, and whom the employees in his section obey, is not a fellow servant of an infant whom he sends to get oil to oil a roller from an oil pan near an unguarded machine.

8. IBID.—If a stranger be in a cotton mill by permission and is requested by the section boss to aid him in the performance of a duty which he, representing the master, owed to the employees, this

would make the stranger an employee as to that particular work, and it would then be the duty of the master to furnish such stranger a safe place to work.

Before KLUGH, J., Union, September Term, 1905. Modified.

Action by Boyd Tucker, by guardian, against Buffalo Cotton Mills. From judgment for plaintiff, defendant appeals.

*Mr. J. Ashby Sawyer,* for appellant, cites: *As to disqualification of juror:* Code, 1902. sec. 2944; 31 S. C., 257; 54 S. C., 152. *Sum paid physician by father not element of damages:* 8 Ency., 647, 648. *As to examination of witness:* 33 S. C., 107. *Incapacity of infant to do wrong:* 25 S. C., 25; 27 S. C., 463; 70 S. C., 250; 7 Ency., 408, 410; 1 A. & E. An. Cas., 892; 29 L. R. A., 760; 82 U. S., 15; Thomp. on Neg., 308, 309, 313, 314, 5369; 17 Wall, 657; 58 S. C., 80; 3 McC., 257; 1 N. & McC., 197. *As to plaintiff being a trespasser:* 28 S. C., 540; 64 S. C., 569; 63 S. C., 48; 47 S. C., 251. *Hart had no authority to order plaintiff to get the oil:* Labb on M. S., sec. 457, 633, 636; 61 S. C., 491; 18 S. C., 255.

*Messrs. DePass & DePass,* contra: *As to capacity of plaintiff for personal negligence:* 66 S. C., 47.

April 15, 1907. The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiff, a minor, eight years old, brought this action to recover damages for personal injuries alleged to have been sustained by him while in the employ of the defendant as spinner in its cotton mill, and recovered a judgment for $1,000, from which defendant appeals.

The complaint alleges that plaintiff was ordered by a representative of defendant to go to the oil cup and saturate

waste cloth with oil and oil his rollers, and that said oil cup was dangerously close to the rapidly revolving gearing, and that such undertaking was attended with serious hazard; that defendant's representative knew of the great danger of said undertaking and of plaintiff's tender years, and failed to caution him of said danger. That while engaged in saturating the waste, as directed, the gearing, which it is alleged was exposed and in rapid motion, caught the waste and with great force and violence jerked plaintiff's hand in said gearing and so crushed it as to render necessary the amputation of the index finger of the right hand. The plaintiff's damage was two thousand dollars, and was due to defendant's negligence: (a) In ordering plaintiff out of the line of his employment, to get the oil from the cups without informing him of said machinery being exposed, he being a child of tender years, and of the danger attendant upon his mission, of which he was ignorant, (b) In leaving said gearing in such exposed condition and in not providing this employee with safe machinery and with a safe place to work; (c) In not informing and instructing plaintiff, he being of tender years, of the danger incident to said mission, and of the caution to be exercised by him in consequence of such exposed running machinery of which he was ignorant.

The answer, after a general denial, alleged as a special defense that any injury sustained by plaintiff was caused by the act of plaintiff himself, as the sole cause thereof, in that, while in defendant's mill and about and near defendant's machinery, without any right or authority whatever, and while playing and intermeddling with defendant's machinery, and without authority, had his finger caught in the gearing; also contributory negligence.

The first exception alleges error in the ruling of the Circuit Court that any juror connected with either the Union or Buffalo Cotton Mills was incompetent to try the case. When the case was called on circuit, plaintiff requested that all jurors be asked whether or not they were employees or stockholders in either the Union or

Buffalo Cotton Mills. The defendant objected solely on the ground that the two mills were distinct corporations having one president. It was ascertained that three jurors were employed by the cotton mills named and two by the Union Mills store. While we do not regard this fact as ground for legal disqualification of a juror, still the Circuit Court has very large powers as to the conduct of jury trials, including a discretion to excuse a juror for this cause, if the circumstances are such as, in the judgment of the Court, would afford any reasonable ground for apprehension of unfairness, and his ruling will not be reversed except for abuse of discretion, which does not appear in this case. *State* v. *Wise,* 32 S. C., 45, 10 S. E., 612. Appellant contends that the Circuit Court should have examined the jurors on their *voir dire* and cites *State* v. *Williams,* 31 S. C., 238, 9 S. E., 853, but no request for such examination was made and the ground of objection stated shows that there was no issue as to facts, but presented merely a legal question as to whether the jurors were disqualified on an admitted state of facts.

The second exception questions the ruling of the Circuit Court in admitting testimony as to the amount paid by the father of plaintiff to a physician for medical service rendered the plaintiff in consequence of his injury. The testimony was admitted over objection, the Court ruling that this was an element of damages. This was clearly error, as this action is in behalf of the infant alone, and the father suing merely as guardian *ad litem* for injuries to his infant child cannot recover for expenses incurred for which the father himself is personally liable. 8 Ency. of Law, 647; *Newbury* v. *Getchel & Martin, etc., Mfg. Co.,* 100 Iowa, 441; 62 Am. St. Rep., 581. This error is sufficient to work a new trial unless the plaintiff remits $2.00 of the judgment on the record, since in no view of the testimony admitted could the amount paid for medical services exceed that sum.

With reference to the ruling complained of in the third exception we find no error. The witness had stated in reply to a question that he had no recollection of it, and on the question being repeated the Court said: "He has answered the question, but if he recollected the matter he could answer." How far counsel may be permitted to repeat the same question to which answer had been made must be left to the discretion of the trial Court.

The Circuit Court instructed the jury substantially that a child under seven years of age is conclusively presumed to be incapable of committing contributory negligence, that between the ages of seven and fourteen years there is a *prima facie* presumption of such incapacity, but that this could be overcome by evidence showing that the child was capable of exercising care to avoid danger. Appellant objects to this charge on the ground that it was incorrect and imposed a greater burden on defendant than the law requires. The fourth and fifth exceptions raising this question can not be sustained.

We are not concerned in this appeal as to whether the Circuit Court committed error in so far as he charged that there was a conclusive presumption of incapacity of a child under seven years of age to commit contributory negligence. There is no dispute that the plaintiff was about eight years old; hence we are not to be regarded as making any ruling on that particular point.

The real point involved is the correctness of the charge as applied to a child eight years old. Appellant contends that the question of the capacity of plaintiff to commit contributory negligence should have been submitted to the jury unhampered by the charge as to the *prima facie* presumption as to incapacity, and that the charge was in conflict with the rule stated in *Bridger* v. *Railroad Co.,* 25 S. C., 24, and *Bridger* v. *Railroad Co.,* 27 S. C., 456, 463, 3 S. E., 860. In the first mentioned case, the plaintiff was a boy ten years and ten months old when he sustained the injuries complained of, and the question of his capacity was held to have

been properly submitted to the jury. In the last mentioned case, the plaintiff was the father of the boy alleged to have been injured suing in his own behalf. The Circuit Court in that case charged the jury generally "that the test of the boy's capacity for contributory negligence was his age, his intelligence, his ability to know his surroundings, and the danger of what he was doing with the turn table, and if the jury found as a matter of fact that the boy had sufficient intelligence, etc., etc., to know and understand these things, all of which was for them, that then he would assume to charge that such one was subject to the rules of ordinary care and intelligence, and failing to exercise the same would defeat the right of plaintiff to recover here if he contributed to his injury." Responding to exceptions to this charge, the Court said: "The injured boy does not seem to have been so young as to have required the Judge to say that he could not contribute to his injury. Nor was he of that age where the presumption would necessarily arise, in the absence of testimony to the contrary, that he could. Under these circumstances his Honor left the question very properly to the jury, resting it upon the intelligence and capacity of the boy, as was done in the former case of Edgar Bridger against this defendant." There is nothing in this language which suggests that it was error to instruct the jury with respect to an infant ten years and ten months old, that the law raises a *prima facie* presumption of incapacity to be overcome by evidence showing capacity.

The case of *Morrow* v. *Gaffney Mfg. Co.*, 70 S. C., 252, 49 S. E., 573; also cited by appellant, merely decides that it was for the jury, and not the Court, to say whether the plaintiff, a boy between fourteen and fifteen years of age, had sufficient intelligence and capacity to render him guilty of contributory negligence. There was no request to charge and no charge or exception raising any question as to presumption of capacity in a child fourteen years old.

In the case of *Watson* v. *Southern Ry. Co.*, 66 S. C., 47, 40, 44 S. E., 375, this Court was considering whether the

negligence of a parent or custodian could be imputed to a child seven or eight years of age so as to defeat a recovery by his administrator suing under Lord Campbell's Act. The Court held that such negligence could not be imputed to the infant and in its reasoning said: "In this case the deceased was seven or eight years old and there was no evidence whatever submitted as to his knowledge, intelligence or capacity for observing care. In the absence of any such evidence the *prima facie* presumption is that he was incapable of personal negligence." This language may not have been absolutely essential to the decision of the question involved in that case, but still it was pertinent as a reason for the decision because the main ground against the imputation of negligence of a custodian or parent to an infant child rests on the incapacity of the infant *non sui juris* to subject its personal rights to the control of another.

But regarding the point as not concluded by any of the cases cited above, we think the charge of the Circuit Court may be sustained. The charge was based upon the well known rule in reference to the capacity of infants to commit crime, a rule founded in deep knowledge and experience with reference to the power of infants to discern between right and wrong, and has the support of a number of cases in other jurisdictions, of which we cite: *Rockford etc. R. R. Co.* v. *Delaney,* 82 Ill., 193; 25 Am. Rep., 310; *Taylor* v. *Delaware & Hudson Canal Co.,* 113 Pa. St., 162; 57 Am. Rep., 446; *Pratt Coal & Iron Co.,* v. *Brawley,* 83 Ala., 371; 3 Am. St. Rep., 751; Note to *Westbrook* v. *Mobile, etc. R. R. Co.,* 14 Am. St. Rep., 590; *Rhodes* v. *Georgia Railroad,* 84 Ga., 320; 20 Am. St. Rep., 362; *Lorence* v. *Ellensbury,* 13 Wash., 341; 52 Am. St. Rep., 42; *Roanoke* v. *Shull,* 97 Va., 419; 75 Am. St. Rep., 791. In further analogy to this rule, in Pennsylvania it was held that, in the absence of proof to the contrary, an infant of the age of fourteen years will be presumed to have sufficient capacity to recognize and avoid danger, and a similar rule was announced in New York as to an infant twelve years old because of a penal

35—76

statute fixing twelve years as the age when presumption of incapacity ceases. *Nagle* v. *R. R. Co.,* 88 Pa. St., 35; 32 Am. Rep., 41; Tucker v. New York, etc. R. R. Co., 26 N. E. Rep., 916. We see no good reason why the rule stated by the Circuit Court should not be applicable and found practically useful in suits involving contributory negligence.

It must be remembered that contributory negligence is an affirmative defense and the defendant must show that the plaintiff failed to observe the care due under the circumstances. In showing whether there was a failure to observe due care, or ordinary care under the circumstancs, on the part of the plaintiff, the defendant must necessarily show that the situation of plaintiff was such as to call for the exercise of due care. If it appeared that plaintiff was an adult, the *prima facie* presumption would be that he had capacity to exercise due care and the burden would be on the plaintiff to show what of capacity; if, on the contrary, it appears that plaintiff was an infant of tender years, then the burden is on the defendant to show capacity to observe due care. Hence, from the very nature of the affirmative defense of contributory negligence, it was not error to require that defendant should assume the burden of proof not only to show facts which would constitute contributory negligence in an adult or one *sui juris,* but that the party charged with contributory negligence, if an infant, had age and intelligence to observe the requisite care.

The Circuit Court made a similar charge as to presumption of incapacity of an infant to commit a trespass in response to the allegations in defendant's answer that plaintiff was intermeddling with its machinery, and the fifth exception charges error in this regard; but for reasons given in considering the fourth exception, this exception cannot be sustained. It is true an infant may be a trespasser in a technical sense when it goes where it has no rightful permission or authority to be, but the same rules do not apply to infant as to adult trespassers. *Mason* v. *Ry. Co.,* 58 S. C., 80, 36 S. E., 440. An infant *non sui juris* cannot be

such a trespasser as would exempt any one from the duty of exercising ordinary care to avoid doing it an injury. Whether the infant is *sui juris* is a question for the jury, when the evidence as to age, intelligence and capacity leaves the question in doubt, or leaves room for more than one inference, but when the evidence is susceptible of but one inference it is a question of law for the Court. In this case the only evidence offered on the subject was that the plaintiff was "not quite eight years old" when injured. It is true he testified as a witness in the case, but the injury was May 3, 1904, and the trial was at September term, 1905, something over sixteen months after the injury. Under these circumstances the defendant has no just ground to complain that the question of capacity was submitted to the jury with an instruction that with respect to a child of that age there is a *prima facie* presumption of incapacity. Furthermore, there was no evidence that plaintiff was a trespasser, the evidence being undisputed that plaintiff was present in the mill with knowledge and acquiescence of defendant, at least as the companion and assistant of her sister, an operative, and that plaintiff was instructed by the section boss to do the thing which brought him in contact with the unguarded machinery.

The defendant requested the Court to charge as follows: "That if you find that the plaintiff, Boyd Tucker, was not an employee of the defendant in its mill, but that he was at or about the machinery of the defendant without authority to be there, even though he was in the mill by permission; still if you find that he was not authorized by the defendant to go to the running machinery and place his hand on the same; then if you find that to be the fact, he (Boyd Tucker) was a trespasser in going to the running machinery and placing his hand on the same, and if that be the fact, then the only duty the defendant owed him was not to wantonly or wilfully injure him." In response to this request the Court gave the charge to the jury with this modification: "That is a sound proposition of law, but it is to be

taken in connection with this case. In this particular case, the plaintiff was a person of tender years, and you will have to take into consideration whether or not he was a trespasser. If you conclude that he was not a trespasser, then as a matter of course this principle would not apply."

The defendant excepts to the modification on the grounds: (1) that this was a charge on the facts, (2) that it took from the jury the question whether the plaintiff was a trespasser. As the evidence was undisputed that the plaintiff in this case was a child eight years old, it is obvious that such a child is one of tender years, and in so characterizing the plaintiff the Court was not charging upon the facts, or in any way intimating to the jury, his opinion on the question submitted to the jury as to the capacity of the child; nor did the Court thereby take from the jury the question whether the plaintiff was a trespasser, for the Court in the charge repeatedly submitted this issue to the jury. To have charged as requested by defendant would have been error in assuming the very question in issue, whether plaintiff was a trespasser, or had capacity to be a trespasser in such sense as to make the defendant liable only for wilful injury.

The seventh and eighth exceptions do not require special notice, as they are controlled by the principles stated in considering the fourth, fifth and sixth exceptions.

The ninth, tenth and eleventh exceptions complain of error in refusing the motion for a new trial, (1) because there was no evidence to sustain the verdict, (2) because the verdict is excessive, (3) because the plaintiff when injured was undertaking to perform duties outside the scope of his employment and if he acted under the order of the section boss (Grover Hart), as alleged, said Hart had no authority to make such order.

The Court has frequently declared that it has no authority to correct a verdict on the ground that it was excessive.

After careful consideration, we cannot say that there was no evidence to support the verdict.

The theory of the plaintiff was that he was an employee of defendant and that he sustained his injuries because of defective machinery with which he came in contact under the order of a superior officer representing the defendant. The theory of the defendant is that plaintiff was not an employee, but was present in the mill as companion and assistant to his sister, one of the operatives, and that if any such order as alleged was given by the section boss, it was without authority.

There was testimony that Grover Hart was section boss, and that it was the duty of those under him to obey his orders, and that it was his duty to keep the rollers oiled, that when the rollers needed oiling they were carried to the section boss for that purpose. The plaintiff testified, without contradiction, that when he carried the roller to Grover Hart, the section boss, he instructed plaintiff, without warning him as to the danger, to get some waste cotton and stick it in that little crack, and get some oil, which was in the oil pan under the gearing, and oil his roller, and that while so engaged the gearing which was unguarded caught his finger and pulled it in.

In the case of *Brabham* v. *Telephone & Telegraph Co.*, 71 S. C., 56, 50 S. E., 716, the Court declared: "In determining who are fellow-servants, the test or rule in this State is not whether the servants are of different grade, rank or authority, one of them having power to control and direct the services of another, but the test is in the character of the act being performed by the offending servant, whether it was the performance of some duty the master owed to the injured servant, the performance of which duty the master intrusted to the injured servant." Tested by this rule, the section boss was not a fellow-servant with the plaintiff, if the plaintiff be considered an employee, but was the representative of the master, since the order was given in the performance of the duty of the master to keep the machinery in reasonably safe and suitable condition. If, therefore, the plaintiff came in contact with dangerous machinery

under the order of the section boss, under these circumstances it cannot be said that the order was given without authority.

If it be conceded that plaintiff was in the mill as a mere companion and assistant of his sister, and in this situation was called upon by the section boss to aid him in the performance of a duty which he, representing the master, owed to the employees, this would make plaintiff an employee as to that particular work, and then it would be the duty of defendant to furnish plaintiff a safe place to work, under the principle stated in *Jackson* v. *Southern Ry. Co.*, 73 S. C., 557, 54 S. E., 231; that where a station agent of a railroad company calls in a bystander to assist in pushing cars from a fire, he discharges the duties of a superior agent or officer of the company and must provide a safe place for the bystander to work.

All the exceptions except the second are overruled. Under the second exception the judgment is erroneous to the extent of $2.00.

The judgment of this Court is that the judgment of the Circuit Court be reversed and a new trial granted unless the plaintiff remits from the judgment the sum of two dollars within thirty days from the filing of the remittitur, and that upon this being done the judgment of the Circuit Court is affirmed.