6916

#### GOODWIN v. COLUMBIA MILLS CO.

1. NEGLIGENCE—MACHINERY—PROXIMATE CAUSE.—Having a belt hanging loose where a child is required to work might fairly be regarded by the jury as an act of negligence, and under the evidence of plaintiff, as the proximate cause of injury to a boy who was caught by it and carried around the shafting.

2. ASSUMPTION OF RISKS—ISSUES.—WHETHER A CHILD between 7 and 14 years of age was of reasonable capacity to comprehend and understand obvious and patent dangers in his employment is an issue for the jury under all the evidence in each case.

3. REHEARING refused.

Before PRINCE, J., Richland, May, 1907.   Affirmed.

Action by John Goodwin, by guardian, against Columbia Mills Co. From judgment for plaintiff, defendant appeals.

*Messrs. Shand & Shand,* for appellant, cite: *Plaintiff knew the danger and cannot recover in absence of negligence:* 41 Atl., 65; 105 N. Y., 37; 6 L. R. A., 735; 44 L. R. A., 61. *Child under 14 cannot recover for injuries received from what he knew to be dangerous:* 1 Thomp. on Neg., secs. 306-12; 3 Ibid, sec. 4095. *As to assumption of risks:* 76 S. C., 452; 65 S. C., 192; 70 S. C., 471; 72 S. C., 237, 265, 346; 55 S. C., 483. *As to contributory negligence disclosed by plaintiff's evidence:* 76 S. C., 539; 77 S. C., 328; 70 S. C., 243.

*Messrs. A. F. Spigner* and *Frank G. Tompkins,* contra. *Mr. Tompkins* cites: *Evidence offered by defendant may be considered in passing on refusal of nonsuit:* 1 Hill, 382; 5 Rich., 545; 44 S. C., 554; 63 S. C., 567; 68 S. C., 19; 74 S. C., 453. *Evidence of plaintiff carries issue of negligence to jury:* 78 S. C., 57, 249, 384; 72 S. C., 127; 97 S. W., 638; 46 S. E., 908. *Presumption of capacity to observe due care:* 76 S. C., 539.

The opinion in this case was filed April 28, 1908, but remittitur held up on petition for rehearing until

May 25, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendant appeals from a judgment of twenty-five hundred dollars for personal injuries suffered by the plaintiff while employed in defendant's mill.

The first exception assigns error in the refusal to grant a nonsuit. The testimony on the part of the plaintiff and the defendant could not have been more conflicting as to the cause of the accident. The plaintiff, a negro boy between twelve and thirteen years of age at the time, was employed as a floor sweeper in defendant's mill. He alone testified in his behalf as to the circumstances under which he was hurt. Shortly stated, this is the account: He was required to sweep in the cardroom while the machinery was in motion; while so employed he went into a narrow alley where it was not practicable to have any guard to protect him from contact with the machinery. The purpose of going through the alley was to deposit some waste in a can on the other side. In returning, and while in the act of taking up his broom, a moving belt, hanging loose, caught his arm and carried him up to and over the shafting. Plaintiff said he had been employed in mill work about four years, and often seen loose belts running, had been told not to meddle with them and knew they were dangerous. He could have gone around it and could have swept elsewhere, but if he had attempted to do so, he would have been required by his superior to return and sweep by the moving belt, as he had been required to do on other occasions.

The testimony of eye-witnesses for the defense was that the belt had been made fast and was not moving, and that plaintiff was caught in it while perversely trying to pull it on the pulley, in disregard of express orders of his superiors, and despite the urgent warning of those working with

him.   Whether the testimony of the plaintiff was true or false was a question for the jury.

There can be no doubt that having a belt hanging loose at a place where a child is required to work might fairly be regarded by the jury as an act of negligence, and under the circumstances stated by the plaintiff, it might also be regarded as the proximate cause of the injury.   It seems, therefore, clear that the motion for nonsuit was properly refused.

. The· second exception assigns error in the following instruction:   "The master would have the right to assume that a servant fourteen years of age and upwards was of reasonable capacity for comprehending and understanding obvious and patent dangers, and that if he engaged in the employment, he did so knowing the risks and, therefore, assuming them.   Under fourteen years of age and down to seven, while there is a presumption of incapacity, yet it is not an irrebutable presumption; and when all the facts and circumstances of any given case have been once offered in evidence before the jury, it becomes a question of fact, and the burden rests upon him who asserts the capacity of an infant to understand and appreciate obvious and patent dangers to prove that to the satisfaction of the jury from the greater weight of the evidence in the case.   In other words, take into consideration all the evidence in the case, and decide whether or not a child under fourteen has sufficient capacity to understand patent and obvious dangers."   This instruction was in exact accord with the principles stated in *Tucker* v. *Buffalo Cotton Mills*, 76 S. C., 539, 57 S. E., 626.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.

May 25, 1908.   PER CURIAM.   After careful consideration of the petition herein, the Court is satisfied that no material question of law or of fact has either been overlooked or disregarded.

It is, therefore, ordered that the petition be dismissed and that the order heretofore granted staying the remittitur be revoked.