7463

### GHANER v. LEAPHART LUMBER CO.

1. CHARGE—REQUEST.—Refusal to charge so much of a request as states in another form the principle covered by that part of the request given is not error.
2. MASTER AND SERVANT—DANGER—INFANT.—Servants between the ages of seven and fourteen are presumed to be incapable of appreciating danger, this presumed incapacity presupposes inexperience and it is the duty of the master to warn and inform them of danger
3. EVIDENCE—HARMLESS ERROR.—Other evidence having been introduced without objection on the issue of warning plaintiff of danger, it was not reversible error to rule out some evidence to same effect.

Before DANTZLER, J., Lexington, February term, 1909. Affirmed.

Action by Haskell Ghaner by Guardian against Leaphart Lumber Co. From judgment for plaintiff, defendant appeals.

*Messrs. Shand & Shand,* for appellant, cite: *Negligence should not be shown by subsequent precautions:* 51 S. C., 222. *Infant is presumed incapable of contributory negligence and assumption of risks, but the presumption is rebuttable:* 25 S. C., 24; 27 S. C., 456; 16 S. C., 543; 80 S. C., 351; 83 S. C., 17, 19; 15 Wall., 401. *Test of capacity:* 17 Wall., 657; 12 N. Y. St. R., 88; 2 W. R., 198; 47 Pa. St., 300; 95 Tenn., 458; 90 Wis., 635; 40 Mich., 420; 33 L. R. A., 122; 57 L. R. A., 561; 46 S. E., 674; 128 Pa., 200; 76 S. C., 256, 452, 543; 80 S. C., 351.

*Messrs. G. D. Bellinger* and *Efird & Dreher,* contra, cite: *Refusal to charge request as to subsequent precautions would not have been error:* 80 S. C., 311. *It is duty of master to warn and inform infant servants:* 76 S. C., 539; 80 S C., 349; 34 S. E. R., 34.

March 3, 1910.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an action for damages, alleged to have been sustained by the plaintiff, through the wrongful acts of the defendant.

The allegations of the complaint, material to the questions presented by the exceptions, are as follows:

"That the plaintiff is an infant, of the age of thirteen years.

"That prior to, and up to the third day of June, 1908, he was employed by the defendant, in and around its saw mill, to remove from the edging saw, and the butting saw (being parts of machinery of said mill), the strips and other material, as they came from said saws, in the regular operation of the same.

"That the work which the plaintiff was employed to do, required him to pass, from time to time, near to and along by a certain shaft, which propelled the live rollers, by which the lumber was conveyed from the main saw.   The said shaft had therein placed, set screws, which projected beyond the surface of the shaft, and which were not boxed in or otherwise protected, and therein the said machinery was defective and dangerous, and the place where the plaintiff was employed to work, near the said set screws, and was, by reason of the projecting set screws, a place of danger, when the said machinery was running and the shaft was revolving; and the duties imposed by said employment required the plaintiff, to be at the said place, when the said shaft was revolving.

"That although the plaintiff was an infant of tender years, and an inexperienced hand, and unacquainted with the dangerous character of the place, where he was employed to work, all of which was known to the defendant, the defendant negligently failed to warn and point out to him the dangers of the place, and negligently failed to furnish him a safe place to work."

The defendant denied generally the allegations of the
complaint, and set up as a defense, "that the plaintiff was
fully warned and appraised, of the danger of the machinery
where he was at work, and assumed all risks incident to
such employment, said machinery being proper for the pur-
pose of the mill."

The defendant also interposed the defense of contribu-
tory negligence.

The jury rendered a verdict in favor of the plaintiff for
one thousand dollars, and the defendant appealed upon
exceptions, the first of which is as follows:

"That his Honor, in charging as requested, 'that no addi-
tional precaution taken by a saw mill company, after an
accident to prevent a recurrence thereof, is an admission by
said company, that its machinery was not in reason-
ably safe and proper condition before,' erred in
refusing to charge, as further requested, 'but the
sufficiency of the antecedent precautions is to be deter-
mined, with regard to such subsequent action,' the por-
tion so refused being a correct proposition of law and
material to the case."

The portion of the request, which his Honor, the presid-
ing Judge refused to charge, did not add, in any respect, to
the proposition which he did charge, as it merely stated,
in another form, the principle, that evidence of repairs and
precautions, subsequent to an accident, is inadmissible to
show negligence, at the time of the injury. This exception
is overruled.

The second exception is as follows: "That his Honor,
in response to defendant's fourth request to charge, to
wit: 'That if the jury believe that there was some negli-
gence on the part of the defendant company, in the
absence of which the accident would not have
occurred, but nevertheless that plaintiff's concurrent
negligence contributed to such accident, as a proximate
cause thereof, the verdict must be for the defendant, pro-

vided the jury further think, that the greater weight of the testimony shows that the plaintiff had sufficient capacity to understand and appreciate the danger of his conduct,' erred in charging: 'That is correct, but where one between the age of seven and fourteen years, has been employed, then the burden is on the master to show, that such an one had sufficient capacity to appreciate the danger, and was sufficiently informed of the danger, and that he had been sufficiently warned.' The error being, that his Honor imposed upon the defendant, the burden of satisfying the jury, that the plaintiff, being under fourteen, had not only sufficient capacity to appreciate the danger, but also, that he was sufficiently informed; moreover, that having sufficient capacity, and being sufficiently informed, he must also have been sufficiently warned."

In the first place the defendant took upon himself the burden of proof when it alleged in its answer, "that the plaintiff was fully warned and apprised of the dangers of the machinery, where he was at work."

In the second place, the well settled rule in this State is, that there is a presumption of incapacity on the part of an infant over seven and under fourteen years of age: *Tucker* v. *Buffalo Cotton Mills,* 76 S. C., 539, 57 S. E., 626; *Goodwin* v. *Columbia Mills Co.,* 80 S. C., 349, 61 S. E., 390; *Alexander* v. *Carolina Mills,* 83 S. C., 17; *Owens* v. *Laurens Cotton Mills,* 83 S. C., 19.

A master is required to warn, even an adult servant, of dangers attendant upon the operation of machinery, when he knows that he is inexperienced. For a stronger reason, it is incumbent upon the master to warn an infant servant, laboring under a presumed incapacity, which presupposes that he is inexperienced.

This exception cannot be sustained.

The third exception is as follows: "That while W. G. Greene, who had charge of the lumber mill, in which plaintiff was injured, was on the stand as a witness for defend-

ant, his Honor erred in taking away from the jury, this witness' statement, that he had 'cautioned the plaintiff about his carelessness in the mill,' because all cautions given to plaintiff were material evidence in the case."

This exception cannot be sustained, as other testimony to the same effect was introduced without objection.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.