## DAVIS, Federal Agent, v. WADFORD.

(Circuit Court of Appeals, Fourth Circuit. February 7, 1922.)

### No. 1914.

**Railroads ⊕⇒350(11, 14)—Negligence in speed and contributory negligence of child held for jury.**

In an action for the death of a boy 11 years old, who was struck by a train while crossing the track of defendant's railroad in a town on a dark and stormy evening, the question whether or not the train was running at unlawful speed, on which the testimony was in direct conflict, and the question of contributory negligence of deceased *held* properly submitted to the jury.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

Action at law by F. N. Wadford, administratrix of Creston Wadford, deceased, against James C. Davis, Federal Agent. Judgment for plaintiff and defendant brings error. Affirmed.

P. A. Willcox, of Florence, S. C., and Simeon Hyde, of Charleston, S. C. (Benj. H. Rutledge, of Charleston, S. C., on the brief), for plaintiff in error.

Louis M. Shimel, of Charleston, S. C. (Sidney Rittenberg, of Charleston, S. C., on the brief), for defendant in error.

Before WOODS and WADDILL, Circuit Judges, and WEBB, District Judge.

WADDILL, Circuit Judge. Plaintiff in error, defendant in the court below hereinafter called the defendant, brings this writ of error to review the judgment of the District Court of the United States for the Eastern District of South Carolina, rendered on the 5th day of July, 1921, in favor of the defendant in error, hereinafter called the plaintiff. The action is at law, brought to recover damages for the wrongful death of the plaintiff's intestate, Creston Wadford, by the alleged negligent act of the defendant. The facts are briefly these:

Creston Wadford, a small boy, 11 years old, on the evening of the 21st of December, 1918, while crossing the tracks of the Atlantic Coast Line Railway, in the town of St. Stephens, S. C., was struck by a train of the defendant, and instantly killed. The plaintiff averred that her intestate sustained his death while lawfully proceeding over

and along a well-traveled place across the tracks of the company, which were then, and had for many years theretofore, with the knowledge of the defendant, been used constantly as a place of crossing by many people and the public generally in passing from one side of the town to the other, and to and from the defendant's depot at St. Stephens. The night was dark, and a heavy rain falling, and a special train, consisting of an engine cab and one coach, passed about 6 o'clock, running at a high rate of speed, without stopping or slacking, while passing through said town, in violation of the town ordinances limiting the speed of trains to 20 miles an hour, and without sounding proper whistles, ringing the bell, or giving other signal as required by the laws of the state in passing over the railroad crossings, without efficient headlight, and without exercising due and proper care for the safety of persons crossing the track, with the result that the defendant negligently and carelessly ran over and killed the plaintiff's intestate, while lawfully passing over its tracks upon and along the streets of said town.

Issue was joined between the parties, the defendant denying the several allegations of negligence made by the plaintiff, and a jury was impaneled and returned a verdict for the plaintiff, on which judgment was entered, from which this writ of error is sued out.

The assignments of erorr present two questions: First, that the court erred in refusing to instruct a verdict for the defendant made at the conclusion of the testimony; and, second, that the verdict rendered by the jury was not supported by, and was directly contrary to, the weight of the testimony adduced, and that no judgment should be rendered thereon. The evidence on the several questions of fact was in direct conflict. The trial court instructed the jury that no recovery could be had against the defendant by reason of the failure to sound whistles, ring the bell, or give other signal of the train's approach, because, under the laws of South Carolina, such signals were required only at a lawful traveled way or road crossing, and the evidence in the case showed that the deceased was not killed at such a place.

The court, however, submitted to the jury the determination of the defendant's negligence in the matter of the speed at which the train was moving under the town ordinances on the subject, limiting the same to 20 miles an hour, and whether such fact was the proximate cause of the accident. The question of whether or not the plaintiff's intestate was guilty of contributory negligence, affecting the result, under the facts and circumstances of the case, taking into account his age, information, knowledge, and opportunity of knowledge, was likewise submitted to the jury. Whether the court erred in taking the case from the jury, except in the particulars mentioned, need not be especially passed upon, since there is no exception on the part of the plaintiff with respect thereto, and the court's action was as favorable to the defendant as it could reasonably have asked, and it likewise took no exception.

This leaves for consideration only whether there was error in not taking the case from the jury entirely, and in entering judgment on the verdict, and upon those two questions we have no difficulty in arriving at a conclusion. The case manifestly should have been left to the

jury to determine whether the train was proceeding at an unlawful speed, and also to pass upon the defense of contributory negligence on the part of the plaintiff's intestate in the circumstances. The evidence was positive, on the one side, that the train was not exceeding 20 miles an hour; on the other, intelligent and experienced witnesses testified that it was proceeding at 30 to 35 miles an hour. The jury saw and heard the witnesses, who testified as well to the speed of the train and circumstances surrounding the happening of the accident, as to the intelligence of the deceased, and his ability to care for himself in a position of existing danger, and passed upon the same in favor of the plaintiff, which finding on their part we think the facts fully warranted; and we can hence neither say that the court erred in submitting the case to the jury in the particulars mentioned, or in entering its judgment on the verdict. On the contrary, we hold the action taken was plainly right. Authorities to support this conclusion are numerous, and only the following need be cited: Baltimore & Potomac R. Co. v. Landrigan, 191 U. S. 461, 24 Sup. Ct. 137, 48 L. Ed. 262; and the following decisions of this court: Sealey v. Southern Ry. Co., 151 Fed. 736, 81 C. C. A. 282; Director General v. Zanzinger (C. C. A.) 269 Fed. 552; also Strother v. S. C. & Ga. R. Co., 47 S. C. 375, 381, 25 S. E. 272; Bamberg v. R. Co., 72 S. C. 389, 51 S. E. 988; Tucker v. Buffalo Mills, 76 S. C. 539, 57 S. E. 626, 121 Am. St. Rep. 957; Ghaner v. Leaphart Lumber Co., 85 S. C. 90, 67 S. E. 242.

The judgment of the lower court will be affirmed.