19079

James RUTH, Respondent, v. Everett C. Lane, d/b/a Carolina Steel and Metal Company, Appellant.

(175 S. E. (2d) 820)

*Messrs. Arrowsmith & Jackson,* of Florence, *for Appellant,*

*Messrs. Hyman, Morgan & Brown,* of Florence, *for Respondent,*

July 14, 1970.

BUSSEY, Justice:

In this *tort* action plaintiff-respondent, alleging that he was severely burned as a result of the negligence of his employer, the defendant-appellant, obtained a jury verdict for actual damages amounting to $6,000.00. The appeal is from an order of the lower court denying defendant's motion for judgment *non obstante veredicto,* and in the alternative for a new trial.

The defendant contends that he was entitled to a directed verdict because there was no reasonable inference to be drawn from the evidence other than that the plaintiff was guilty of contributory negligence and had assumed the risk 'of his employment as a matter of law. In considering this contention, it is elementary that all conflicts in the evidence have to be resolved in favor of the plaintiff and that the evidence and all inferences reasonably deducible therefrom have to be viewed in the light most favorable to the plaintiff. No issue of willfulness or recklessness on the part of either the plaintiff or the defendant was submitted to the jury, with the result that simple contributory negligence, if established, would be a bar to recovery by the plaintiff.

The defendant contends that the defenses of contributory negligence and assumption of risk may be merged into one and the same defense, and treated interchangeably. He, accordingly, in his brief argues these defenses as a single question. It is true that in a number of earlier decisions this

court has, under the facts of the particular cases, interrelated assumption of risk and contributory negligence. This court, however, in the case of *Cooper v. Mayes*, 234 S. C. 491, 109 S. E. (2d) 12 (1959), clearly and succinctly set forth the fundamental distinction between the two defenses in the following language:

"Assumption of risk, in its true sense, rests in contract, not *tort*. A true case of assumption of risk arises when an employee, without negligence on his part or that of his employer, is injured as the result of a hazard ordinarly incident to the proper performance of the duties of his employment. When by his own negligence the employee increases the hazard to which his work would normally expose him, and as the result of such negligence and not of any negligence of his employer sustains injury from the abnormal hazard which he has thus created, he is barred from recovery by his own negligence. Where the extraordinary hazard is attributable to the employer's negligence, but would not have caused the injury except for the negligence of the employee, the bar to recovery is not assumption of risk, but contributory negligence. Where negligence enters into the consideration of the rights of an injured employee against his employer, the issue moves from the field of contract into that of *tort*. Attempt in such cases to interrelate assumption of risk and contributory negligence is more academic than practical, and sometimes loses sight of the fact that the difference between the two is fundamental and not merely of degree. See *Bodie v. Charleston & W. C. R. Co.*, 61 S. C. 468, 39 S. E. 715; *Barksdale v. Charleston & W. C. R. Co.*, 66 S. C. 204, 44 S. E. 743; *James v. Fountain Inn Mfg. Co.*, 80 S. C. 232, 61 S. E. 391; *Hall v. Northwestern R. Co. of South Carolina*, 81 S. C. 522, 62 S. E. 848; *Hice v. Dobson Lumber Co.*, [180 S. C. 259, 185 S. E. 742] *supra; Stogner v. Great A. & P. Tea Co.*, 184 S. C. 406, 192 S. E. 406; *Whisenhunt v. Atlantic Coast Line R. Co.*, 195 S. C. 213, 10 S. E. (2d) 305."

The principles above set forth were recognized and applied in the more recent case of *Morgan v. Roper,* 250 S. C. 280, 157 S. E. (2d) 572 (1967), wherein we said,

"A true case of assumption of risk arises when an employee, without any negligence on his part or that of his employer, is injured as a result of a hazard ordinarily incident to the proper performance of the duties of his employment."

In the instant case the verdict of the jury has adjudicated that the employer was negligent in one or more particulars and that such negligence was a proximate cause of plaintiff's injury. Such adjudication is not challenged on appeal and hence we have before us a case where clearly the defense of assumption of risk is no longer pertinent.

We will proceed to consider whether or not the evidence established that the plaintiff was guilty of contributory negligence as a matter of law and, in doing so, will state the evidence and the inferences reasonably deducible therefrom, as we are requried to do, in the light most favorable to the plaintiff.

The defendant was engaged in the metal salvage business, the plaintiff being one of a number of employees. Plaintiff was, at the time of his injury in November 1965, 33 years of age, had a third grade education and was employed as a common or manual laborer. A part of the defendant's business consisted of salvaging copper from used electrical transformers. These transformers have a metal bar or core on the inside around which is coiled a copper wire. The metal bar and the insulated coiled copper wire are enclosed in a metal container which contains oil in order to keep the transformer from overheating when in use. In order to salvage the copper wire it was necessary that the top of the metal container be removed, the oil poured off and the core removed from the container. The defendant had on his premises some barrels into which the oil could be poured, but when these barrels

were full, the employees were instructed to pour the oil on the ground. The employees engaged in this operation frequently and usually got considerable oil on their clothing.

After the cores were removed from the transformers, they were piled up and burned, to remove the insulation from the copper wiring and, after being so burned and cooled, the copper wire was then removed from the core. In some instances the wire could be removed with the aid of hand tools, but as to other cores it was necessary to cut off the end of the core with an acetylene torch before the copper wire could be removed.

The plaintiff was severely burned and injured in the following manner. He was using an acetylene torch cutting off the end of one of the aforementioned bars or cores when sparks or molten metal from the torch came in contact with his trouser leg, which was quite greasy and oily, setting the plaintiff on fire. Admittedly, neither plaintiff nor other employees of defendant were furnished with any protective clothing, shields or other devices for use while engaged in using the acetylene torch. If there were any fire extinguishers on the premises, such were not anywhere near the point of plaintiff's injury. Two of plaintiff's fellow employees finally managed to smother the fire, but not before plaintiff was severely burned.

There was evidence on behalf of the defendant to the effect that plaintiff's duties did not include using the acetylene torch and that he had been instructed not to use the same, but there was also abundant evidence from which it could be reasonably inferred that the plaintiff did, from time to time, in the performance of his duties use one of several acetylene torches provided by the employer, with the full knowledge and acquiescence of his employer. There was testimony from fellow employees of the plaintiff to the effect that he was inattentive to what he was doing at the time his trouser leg ignited, but it must be borne in mind that contributory negligence is an affirmative defense and the credibility of these particular witnesses was for the jury.

Whether plaintiff was contributorily negligent in any particular has to be decided in the light of all of the circumstances. He had been employed by the defendant for approximately two years and his duties as a common laborer were quite varied. Although he had used an acetylene torch from time to time in the performance of his duties, his use thereof was not frequent or regular. He, admittedly, knew that fire would ignite oil and knew that no protective devices or clothing had been furnished by the defendant. Other employees of the defendant, in performing the same task, did frequently and regularly use such torches and, despite the lack of precaution on the part of the employer, no person or place had been set on fire by the use of an acetylene torch during the period of plaintiff's employment. We conclude that whether he was negligent in using the torch under the existing circumstances and whether or not he was negligent in the manner of his use of the same, were issues for the jury. Hence, the defendant was not entitled to a directed verdict.

The defendant contends that he is entitled to a new trial, asserting that the trial court erred in refusing to charge the following request,

"The master would have the right to assume that a servant 14 years of age and upwards was of reasonable capacity for comprehending and understanding obvious and patent dangers, and if he engaged in the employment, he did so knowing the risks and therefore assuming them."

This request to charge is taken verbatim, although somewhat out of context from a charge which was approved by this court in the case of *Goodwin v. Columbia Mills Co.*, 80 S. C. 349, 61 S. E. 390 (1908). The portion of the charge in that case, embodied in the instant request, was merely a preamble to the pertinent and challenged portion of the charge dealing with the capacity for comprehension and understanding on the part of a servant under the age of 14 years, the plaintiff in that case having been 12 or 13 years of age at the time of his injury.

Assuming, without necessarily deciding, that the proposition of law embodied in the request is a sound one which might be properly charged under appropriate facts and circumstances, we are of the view that under the facts and circumstances of this case the requested charge would have been inappropriate in the absence of considerable modification or revision by the court.

But, in any event, we think it clear that there was no prejudicial error in the refusal of this request for two reasons. The trial court submitted the defense of assumption of risk to the jury and in this connection charged the jury, *inter alia,* as follows,

"The employee is charged with knowledge of obvious danger, obvious to a person of ordinary reason and prudence, * * *."

Any portion of the request to which the defendant was entitled, under the facts of this case, was fully and, we think, even more forcefully covered in the foregoing language. In addition, the request was keyed to the defense of assumption of risk and, as we have already held, in the present posture of the case, it is not a true case of assumption of risk and that theory of defense presently has no application.

We conclude that the exceptions of the appellant are without merit and the judgment of the lower court is accordingly,

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD, and LITTLEJOHN, JJ., concur.