JACKSON v. SOUTHERN RAILWAY—CAROLINA DIVISION.

1. EVIDENCE—OPINION—DAMAGES.—After stating the fact, a plaintiff may give his opinion as to the amount of damages he has sustained.

2. MASTER AND SERVANT—RAILROADS.—Where a station agent of a railroad company calls in a bystander to assist in pushing cars from a fire, he discharges the duties of a superior agent or officer of the company, and must provide a safe place for the bystander (servant) to work, and if he be injured because cars were negligently not uncoupled, the company is liable.

3. IF CHARGE be not relevant to any issue in the case nor premised on any fact in evidence, it does not constitute reversible error, unless appellant can show wherein he was thereby injured.

4. MASTER AND SERVANT—RAILROADS—FELLOW-SERVANTS.—A BYSTANDER called in by the station agent of a railroad company to assist in pushing cars from a fire is a fellow-servant with a section hand of the company also engaged in pushing the cars, and if he be injured by the negligence of the laborer, the company is not responsible.

Before WATTS, J., York, November Term, 1904. Reversed.

Action by W. F. Jackson, Jr., against Southern Railway—Carolina Division. From judgment for plaintiff, defendant appeals on the folloiwng exceptions:

"2. For that his Honor erred in allowing the plaintiff, against the objections of the defendant, to answer the fol-

lowing question: 'How much have you been damaged in dollars and cents by reason of this injury?' The error being that as the facts had already been testified to by the plaintiff, it was error to permit him to give his opinion as to the amount he had been damaged.

"3. Because his Honor erred in not granting the defendant's motion for a nonsuit on the grounds:

"1. That there is no evidence tending to show any negligence on the part of the defendants, or either of them.

"2. Because the evidence shows that the injury which came to the plaintiff was caused by the act of an employee of the defendant company who was engaged in the same kind of work as plaintiff was engaged in, to wit: pushing the cars away.

"3. That the evidence shows that plaintiff was either a volunteer, or, at most, was only a servant in the employment of the defendant, and that any injuries which came to him came through the act of a fellow-servant engaged in the same department of labor, and in the same kind of work, for which the defendants are not responsible, or else that it was an accident pure and simple.

"The errors being, as it is respectfully submitted, that his Honor should have held:

"1. That there was no negligence shown on the part of either of the defendants.

"2. That any injuries which came to plaintiff were caused by the act of one engaged in the same department of labor and the same kind of work, to wit: pushing the cars away, and was one of the risks assumed by the plaintiff, for which the defendants are not responsible, and if these injuries were occasioned by any negligence it was the negligence of a fellow-servant engaged in the same kind of work, and in the same department of labor. * * *

"5. Because his Honor erred in charging as follows: 'I charge you further as matter of law that if the agent at Tirzah had authority to call upon bystanders to assist in preserving the property of the railroad and getting it out of the

way of the fire, and any one accepted that invitation and went in to assist him, then they had a right to assume— that is, the party who accepted the invitation to go in—had a right to assume that the appliances were reasonably suitable and safe, and that the servants of the company employed to remove those cars were reasonably competent and would do it in a reasonably safe manner. The law imposes the duty upon all railroad companies when they have a man to do work to furnish him with reasonably safe and suitable machinery and to keep the same in reasonably safe and suitable repair, and also imposes upon them the duty of having reasonably safe and suitable persons to perform the duties of moving the trains and things of that character, and a party who goes into work of that sort has a right to assume that the railroad company has reasonably safe and suitable appliances to do the work, and they are to be operated by reasonably safe and suitable persons. So I charge you as matter of law, if the railroad agent at Tirzah acted within the scope of his uthority and called upon the plaintiff in this case to assist him in removing the cars, and he went in to assist him and he was injured through the carelessness and negligence of the servants of the defendant company, and that was the direct and proximate cause of his injury, then he is entitled to recover such damages as he sustained by reason of his injury, if he was injured through the negligence and carelessness of the employees of the defendant company, proportionate to the injury sustained by him.'

"The error being, as it is respectfully submitted:

"a. That by this charge his Honor led the jury to believe that if the servants of the company who were engaged in moving the cars were not reasonably competent to do this work in a reasonably safe manner. that the plaintiff could recover, whereas, it is respectfully submitted, there is no allegation in the complaint charging the defendants with negligence in the employment of incompetent servants, nor is there any evidence tending to prove this fact, and it was error to submit these questions to the jury.

"b. That by this charge his Honor led the jury to believe that the plaintiff could recover in this case if the appliances or machinery were not reasonably safe and were not in a reasonably safe condition.

"The error being that there is no allegation in the complaint charging the defendants with negligence in not furnishing reasonably safe and suitable appliances, or with negligence in failing to keep the same in repair, nor is there any evidence tending to prove this fact; it was, therefore, error to submit the same to the jury.

"c. That by this charge his Honor led the jury to believe that the plaintiff could recover in this case, if he was injured through the negligence and carelessness of a fellow-servant who was engaged in assisting him in removing the cars; whereas, it is respectfully submitted, that if the injury to plaintiff was occasioned by the negligence and carelessness of a fellow-servant engaged with plaintiff in the same kind of work, to wit: the moving of the cars, it was the act of a fellow-servant in the same department of labor, for which the defendant is not responsible.

"6. Because his Honor erred in charging the jury as follows: 'But if he was injured through the carelessness and negligence of an employee or servant of the defendant railroad company, and their carelessness and negligence was the direct and proximate cause of his injury, then he is entitled to recover such damages as you think he has sustained proportionate to the injury sustained.'

"The error being, as it is respectfully submitted, that by this charge his Honor instructed the jury and led them to believe that if the injury to plaintiff was occasioned by the carelessness and negligence of an employee or servant of the defendant company, and if this carelessness and negligence was the direct and proximate cause of his injury, then he could recover; whereas, it is respectfully submitted, that if plaintiff was engaged in this work either as a volunteer or as a servant of the company, and was injured through the negligence of one engaged in the same kind of work

and in the same department of labor, it was one of the risks assumed by the plaintiff for which the defendant is not responsible.

"7. Because his Honor erred in refusing to charge the defendant's second request, without modification, to wit: 'If one, who is not in the employment of a railway company, is called upon in an emergency to assist the servants of the company to perform necessary work, and is injured while doing such work, he has no cause of action against the company if he is injured through the negligence of others who may be assisting him in performing such work.'

"The error being, as it is respectfully submitted, that this request was a sound proposition of law applicable to the pleadings and the testimony introduced by plaintiff, tending to show that the injuries about which he is complaining were caused by the act of a fellow-servant doing the same kind of work and engaged in the same department of labor, for which the defendant is not responsible, and it was error not to charge it without modification.

"8. Because his Honor erred in modifying the defendant's second request to charge as follows: 'I charge you that with this addition: that wherever a man is called upon by a party having authority to call upon him, to do any work for a railroad company, he has a right to assume that the machinery and appliances and things of that sort are safe and suitable, and he has a right to assume they are kept in safe and suitable repair. He has a right to assume that the servants of the company are reasonably competent and safe, and suitable to do the work which they are employed to do.'

"a. The error being, as it is respectfully submitted, that by this modification his Honor led the jury to believe that the plaintiff could recover if the machinery and appliances were not suitable and safe, and if the servants were not reasonably competent, even though the complaint contains no allegations touching the same, and even though there is no evidence tending to prove them.

36—73

 · "b. The error being, as it is respectfully submitted, there is no allegation in the complaint charging the defendant with negligence in these respects, nor is there any testimony tending to prove the same, and it was therefore error to submit these matters to the jury.  ·

"9. Because his Honor erred in refusing to charge the defendant's third request, without modification, to wit: 'If one, who is not in the employment of a railroad company, undertakes at the request of a servant of the company to aid such servant in doing necessary work of the company, this gives him no higher rights than he would have if he had been regularly employed by the company, and if while doing such work he is injured through the negligence or carelessness of those aiding him in doing the same piece of work, he has no cause of action against the company on account of such injuries, and cannot recover damages on account of the same.'

"And in modifying the same in the following respects, to wit: 'I charge you that with this addition: if the plaintiff here was called upon by the agent of the defendant company there to come in and do the work, and he called on other bystanders to come in and do the work, and he was injured through the negligence and carelessness of a bystander, who went in on the same terms as he did, he could not recover; but if he was injured through the negligence and carelessness of a regular employee of the railroad company, and his carelessness and negligence was the direct and proximate cause of his injury, or if the appliances furnished him to work with were not safe and suitable, or if the crew regularly employed were not reasonably safe, suitable and competent to do the work, then he could recover.'

"The error being, as it is respectfully submitted:

"a. That the request of the defendant was a sound proposition of law applicable to the pleadings and testimony introduced in this case, and it was error to modify it.

"b. Because by the modification of this request, his Honor led the jury to believe that if the plaintiff was injured

through the negligence and carelessness of a regular employee of the railroad company engaged in the same kind of work and in the same department of labor, such employee would not be a fellow-servant, and that if the plaintiff was injured through the negligence and carelessness of a regular employee, then that the plaintiff could recover; whereas, it is respectfully submitted, that the regular employee engaged in the same kind of work and in the same department of labor with plaintiff, would at most be only a fellow-servant, for whose negligence the defendant would not be responsible.

"c. That by this modification, his Honor led the jury to believe that if the appliances furnished were not safe and suitable, or if the crew regularly employed were not reasonably competent, then that the plaintiff could recover; whereas, it is respectfully submitted, there is no allegation in the complaint charging the defendants with negligence in these respects, nor was there any evidence introduced tending to show negligence on these two points, and it was error to submit the same to the jury.

"10. Because his Honor erred in not charging defendant's sixth request without modification, and in modifying said request as he had previously modified defendant's second and third requests: 'Before the jury can render a verdict in this case in favor of the plaintiff, they must be satisfied by the preponderance of the proof that the plaintiff was injured by the negligence of some one; and if the jury find that there was negligence on the part of any one, and should find that this negligence was the negligence of those engaged with the plaintiff in the same kind of work, then their verdict must be for the defendant.' 'I charge you that in connection with what I have already said to you about if the agent called upon another bystander and he went in under the same terms as the plaintiff did.'

"The errors being, as it is respectfully submitted:

"a. That this request contains a sound proposition of law

applicable to the pleadings and evidence in this case, and it was error to modify the same.

"b. That by modifying this request his Honor led the jury to believe that the plaintiff could recover if the injury occurred through the negligence of a regular employee of the defendant, even though such person was engaged in the same kind of work and in the same department of labor with plaintiff at the time of the injury; and in submitting to the jury the question of negligence on the part of the defendants in reference to the safety of the machinery and appliances, and in reference to the competency of the regular employees; whereas, it is respectfully submitted, there is no allegation in the complaint charging the defendants with negligence in these respects, nor was there any evidence tending to show such negligence.

"11. Because his Honor erred in connection with the defendant's eighth request to charge in charging as follows: 'I charge you that. He cannot recover in any event, he cannot recover unless he was injured through the carelessness and negligence of the servants of the defendant company, and their carelessness and negligence was the direct and proximate cause of his injury.'

"The error being, as it is respectfully submitted, that in so charging his Honor led the jury to believe that the plaintiff in this case could recover if he was injured through the carelessness and negligence of the servants of the defendant company; whereas, it is respectfully submitted, that if the injuries of the plaintiff were occasioned by the negligence of the servants of the defendant engaged in the same kind of work, and in the same department of labor, then these injuries being caused by the act of a fellow-servant the defendant is not responsible, and his Honor should have so charged.

"12. Because his Honor erred in not charging defendant's twelfth request without modification and in modifying it as follows: 'This case is not governed by the law of an invited guest but by the law of fellow-servants, and if the plaintiff

was injured through a mere accident, or through the negligence of a bystander, your verdict must be for the defendant. Now, genlemen, I have charged you that in my own language. If I call upon you, Mr. Foreman, to do a piece of work for me, we being no kin, but strangers to each other, then that raises an implied obligation on my part to pay you reasonable compensation for your services, and if I invite you to come and do a particular piece of work, a certain kind of work, you have a right to assume that I have safe and suitable appliances for doing that work, reasonably safe and suitable, and that I am to keep the same in reasonably safe and suitable repair; and if I employ you with others in a piece of work under my supervision and direction, then you have a right to assume that the men I have employed to assist you are reasonably competent for the purpose of doing the particular work for which they have been employed; and if I am there bossing, and directing and supervising that work, and you are injured through any carelessness or negligence of any fellow-servant of yours acting under my direction and obeying my orders, if I am the boss, and their negligence and carelessness is the direct and proximate cause of the injury, then in that event the party injured would be entitled to recover, if the carelessness and negligence of the fellow-servant, acting under my direction or obeying the boss and having a right to direct at that time, and that negligence was the direct and proximate cause of the injury.'

"The error being, as it is respectfully submitted:

"a. That by this modification his Honor submitted to the jury the question of whether the defendant had safe and suitable appliances, and whether the persons employed to assist him were reasonably competent; whereas, there are no allegations in the complaint charging the defendant with negligence in these respects, and no testimony was introduced tending to prove these facts, and it was error to submit the same to the jury.

"b. That by this charge his Honor led the jury to believe

that if the plaintiff was injured through the negligence and carelessness of a servant of the defendant company engaged in the same kind of work and in the same department of labor, then that he could recover; whereas, it is respectfully submitted, that if these injuries were occasioned by the act of a fellow-servant engaged in the same department of labor, the defendant is not responsible.

"12. Because his Honor by his charge led the jury to believe that there would be a distinction between the injuries occasioned plaintitff caused by the negligence of one called in as plaintiff was called in under an emergency and by one having authority to do so, than if these injuries were occasioned by a regular employee of the company; whereas, it is respectfully submitted, that if plaintiff was acting in the capacity of a servant of the company, then he had no higher or greater rights than any other servant, and if these injuries were occasioned by the negligence or carelessness of a regular servant or employee of the company engaged in the same kind of work and in the same department of labor, it would be the act of a fellow-servant, for which the defendant is not responsible.

"13. Because his Honor in his charge taken as a whole erred, in that he led the jury to believe that if the injuries to plaintiff were inflicted through the negligence of one who was called in to help push away the cars as plaintiff was called in, that then plaintiff could not recover any damages for said injuries; but that if the injuries were inflicted through the negligence of a regular employee or servant of the company, then that the plaintiff could recover; thus drawing a distinction between the negligence of a servant employed under an emergency or for a temporary purpose and the negligence of a regular employee or servant; whereas, it is respectfully submitted, there is no difference under the law, and it was error in his Honor so charging."

*Mr. C. P. Sanders,* for appellant, cites: *Injury was the result of an accident:* 76 N. C., 320; 3 Mo. App., 300; 46

Ill. App., 619; 1 LaBatt on Master and Servant, secs. 142, 145, 142; 20 Am. R., 399; 16 Am. R., 399; 119 N. C.. 387. *The negligence was that of a fellow-servant:* 2 LaBatt on M. & S., sec. 631, and cases cited in note, 679, 687, 688, 734; 39 S. C., 511; 51 S. C., 96; 71 S. C., 56; 70 S. C., 97; 93 Am. St. R., 32; 3 Elliott on R. R., secs. 1252, 1253; 147 Mass., 573; 156 Mass., 293; Reno Emp. Liab. Acts, sec. 59; Wallace & Rob. on Duty and Liab. of Emp., 255, 267; Dressers Emp. Liab., sec. 62; 171 Mass., 162; 5 Am. St. R., 564; 41 Am. St. R., 32; 40 S. C., 342; 57 S. C., 302; 56 S. C., 534; 41 S. C., 90. *Duty of master in furnishing safe appliances and incompetency of servants are not relevant here:* 62 S. C., 15; 65 S. C., 24; 19 S. C., 70; 53 S. C., 216.

*Mr. Wm. B. McCaw,* contra, cites: *Party may give his estimate of his injury in money:* 1 Whar. Ev. Par., 511; 19 S. C., 68; 65 S. C., 24; 57 S. C., 445. *Respondent is not fellow-servant of station agent:* 25 S. C., 128, 446; 63 S C., 559; 68 S. C., 505; Art. IX., sec. 15; 68 S. C., 69; 52 S. C., 438; 51 S. C., 79; 61 S. C., 468. *As to liabilities of railroad companies to the employees in furnishing safe place and appliances:* 68 S. C., 83; 18 S. C., 262, 275; 52 S. C., 438; 60 S. C., 9; 46 L. R. A., 58; 70 S. C., 492; 63 S. C., 575; 67 S. C., 136; 72 S. C., 444. *Station agent was immediate representative of appellant:* 68 S. C., 69, 505; 63 S. C., 559; 25 S. C., 446, 128; 52 S. C., 438; 51 S. C., 79; 61 S. C., 468; 23 S. W. R., 211; 70 S. C., 492; 63 S. C., 575; 67 S. C., 136; 46 L. R. A., 58; 60 S. C., 9; 18 S. C., 275, 262.

April 2, 1906.  The opinion of the Court was delivered by

Mr. Justice Gary.  This is an action for damages alleged to have been sustained by the plaintiff through the negligence of the defendant.  The complaint alleges that on the

9th of October, 1903, at a station on the railroad of the defendant a disastrous fire occurred, burning several stores, and putting in imminent danger two freight cars; that with the hope of saving said cars, the defendant requested the plaintiff to assist in removing them beyond the reach of the fire; that the plaintiff responded to the request and while he was rendering such assistance, the defendant negligently released the brakes of the cars without first uncoupling the same, thereby causing the rear car to be negligently run or pushed against the plaintiff; that his foot was caught under the wheels of the rear car, and terrible injuries were inflicted upon him.

The defendant denied the allegations of negligence, and set up as a defense that the injuries were caused by an unavoidable accident due to the excitement and hurry of the plaintiff and other bystanders, attempting to get the cars away from the fire. It also set up as a defense that the injuries were caused by the conduct of those who were engaged in the same work with the plaintiff in pushing away said cars, as well as by the conduct of the plaintiff himself.

At the close of the plaintiff's testimony the defendant made a motion for a nonsuit, which was refused. The defendant did not offer any testimony. The jury rendered a verdict in favor of the plaintiff for $5,000 and the defendant appealed upon numerous exceptions which will be set out in the report of the case, except the first and fourth, which are abandoned.

*Second exception.* The cases of *Oliver* v. *Ry.,* 65 S. C., 1, 43 S. E., 307, and *Roundtree* v. *Ry.,* 72 S. C., 474, show that this exception cannot be sustained.

*Third exception.* Sec. 15, art. IX., of the Constitution, provides that "every employee of any railroad corporation shall have the same rights and remedies, for any injury suffered by him, from the acts or omissions of said corporation or its employees, as are allowed by law to other persons not employees, when the injury results

Rep.]                April Term, 1906.

from the negligence of a superior agent or officer, or of a person having a right to control or direct the services of a party injured."

The plaintiff testified as follows: "Q. Were there any cars standing on the track at Tirzah at that time? A. Yes, sir. There was two or three. Q. What was the condition of these cars, Mr. Jackson? A. Well, they were blistering from the heat and about to catch. Q. Who was trying to save the cars? Who was on top of them? A. Mr. Carothers was on top of one. Q. Mr. S. M. Carothers? A. Yes, sir. Q. That is the same gentleman you have described as selling tickets and issuing bills of lading for freight? A. Yes, sir. Q. He was on top of the cars? A. Yes, sir. Q. Were those cars loaded with freight or empty? A. One was loaded, that I know of—loaded with cotton seed. Q. Mr. Carothers called to you from the top of those cars to come help save those cars? A. Yes, sir. Q. Besides the call to you to come help move those cars, what else did you hear Mr. Carothers say? A. I heard him tell George Wilson to uncouple the cars. Q. Who was George Wilson? A. He was in the employ of the railroad there—he was a section hand. Q. White or colored? A. Colored. Q. Mr. Jackson, what did you do when you got on the other side of the car, or the side where the car was burning, where it was smoking and blistering—who did you find there? A. Found Mr. S. M. Carothers and George Wilson. Q. State the position of Mr. S. M. Carothers, and then George Wilson. A. He was up on the car taking the brake off. Q. Mr. Carothers was up at the brake turning the brake off? A. Yes, sir. Q. What was George Wilson doing? A. Well, when I got there he come out and he got right down on the track over the rail on the left side and caught the wheel and commenced to push and I got back a little over him and commenced. Q. And those were the only two people you saw at the time you took hold? A. Yes, sir. Q. Or that were engaged in endeavoring to save those cars at that time, when you were called to assist? A. Yes, sir. Those were all. Q. Did you

get hurt on that occasion? A. Yes, sir. Q. How long were you there before you got hurt? How long were you pushing? A. We just had got it started. I don't expect the wheel had revolved more than once when I got my foot caught. Q. Just describe how you were, Mr. Jackson? A. Well, I had my leg extended, pushing, my right leg above George, and the hind car wasn't uncoupled. It caught me on the shoe here (indicating) and ran up on my foot and broke my ankle and threw me down on my face."

Cross-examination: "Q. Mr. Jackson, what position did George Wilson occupy on the railroad? A. Section hand. Q. He was not an agent? A. No, sir. Q. Just a laborer? A. Yes, sir. Q. A laborer? A. Yes, sir. Q. And he was helping to get these cars away when you were helping? A. Yes, sir. Q. And he was the man to do the uncoupling? A. Yes, sir. Q. And you think he didn't do it? A. Yes, sir. Q. And you think that is why you were caught, owing to his not uncoupling? A. Yes, sir, I think that was the reason. Q. Because George Wilson, a laborer, a man who was helping you and Mr. Carothers to move this car, didn't do what Mr. Carothers told him to do? A. Yes, sir."

There was testimony to show that S. M. Carothers, at the time of the injury, was discharging the duties of a superior agent or officer, having the right to control or direct the services of the plaintiff, who had assumed the relation of a servant, by undertaking, at the request of Carothers, to perform the duty of assisting in the removal of the cars. One of the duties resting upon Carothers, as the representative of the defendant, was to provide a safe place for the plaintiff to work. This being one of the primary duties, could not be delegated to a subordinate servant. If the place was rendered unsafe by the failure to uncouple the cars, then it was the duty of the defendant acting through its representative to see that they were uncoupled. As there was testimony tending to show this fact, and that the injury resulted therefrom, the motion for nonsuit was properly refused.

The remaining exceptions, in different form, raise practically the same questions; they will, therefore, be considered together.

We will first consider the questions presented by the exceptions assigning error on the part of his Honor, the presiding Judge, in charging certain propositions of law inapplicable to any facts set forth in the pleadings, or appearing in the testimony. In the case of *Richardson* v. *Ry.*, 71 S. C., 444, the Court states the principles that "if the charge was not relevant to any issue in the case nor premised upon any fact in the case, it does not constitute reversible error, unless appellant could show wherein it was thereby prejudiced." No such showing has been made in this case.

The next question for consideration arises out of the charge relative to the negligence of the defendant's servants.

The presiding Judge charged the jury as follows: "But if he was injured through the carelessness and negligence of an employee or servant of the defendant railroad company, and their carelessness and negligence was the direct and proximate cause of his injury, then he is entitled to recover such damages as you think he has sustained proportionate to the injury sustained."

In charging the defendant's eighth request, the presiding Judge said: "He cannot recover in any event unless he was injured through the carelessness and negligence of the servants of the defendant company, and their carelessness and negligence was the direct and proximate cause of his injury."

In modifying the defendant's twelfth request, he charged as follows: "If I call upon you, Mr. Foreman, to do a piece of work for me, * * * and if I am there bossing, and directing, and supervising that work, and you are injured through any carelessness or negligence of any fellow-servant of yours acting under my direction and obeying my orders, if I am the boss, and their negligence and carelessness is the direct and proximate cause of the injury, then

in that event the party injured would be entitled to recover, if the carelessness and negligence of the fellow-servant, acting under my direction or obeying the boss and having a right to direct at that time, and that negligence was the direct and proximate cause of the injury." Other portions of the charge to the like effect, are set out in the exceptions.

The charge must be construed with reference to the issues raised by the pleadings and in the light of the testimony. The only servants of the defendant except the plaintiff, who were engaged in moving the cars to a place of safety, were S. M. Carothers and George Wilson. The charge in so far as it was applicable to Carothers was free from error; George Wilson, however, occupied a relation quite different from that of Carothers. There was no testimony tending to show that George Wilson was a superior agent or officer, or that he had the right to control or direct the services of the plaintiff, who was engaged with him, in the same piece of work. They were, therefore, fellow-servants, and one of the risks which they assumed was the negligence of a fellow-servant. The charge of the Circuit Judge was not in conformity with these principles.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded to that Court for a new trial.