### 12332

### STEINMEYER v. MARINE HOTEL CORPORATION

(140 S. E., 695)

1. MASTER AND SERVANT—COMPLAINT ALLEGING EMPLOYER'S FAILURE TO FURNISH SAFE APPLIANCE AND SHOWING EMPLOYEE'S INJURY BY LIFTING DID NOT ALLEGE BREACH OF DUTY.—Complaint alleging that plaintiff, employed as painter, in course of his work, had to take paint from large bucket in which it was mixed, and that there being nothing furnished with which to dip paint out he had to lift large bucket and in so doing injured himself, and that defendant failed to furnish plaintiff with reasonably safe appliances to carry on his work, *held* not to allege breach of duty which master owed servant, since it was apparent from allegations of complaint that plaintiff lifted heavy bucket in question of his own accord.

2. MASTER AND SERVANT—PAINTER WITHOUT APPLIANCE FOR DIPPING PAINT OUT OF BUCKET ASSUMED RISK OF INJURY FROM LIFTING BUCKET BEYOND HIS STRENGTH.—Master was not liable where servant, employed as painter, sustained injuries from lifting large bucket in which paint was mixed, where nothing was furnished with which to dip paint out, since servant lifting weight beyond his strength assumes risk of injury.

3. MASTER AND SERVANT—WHERE ONLY REASONABLE INFERENCE FROM COMPLAINT WAS THAT INJURY WAS CAUSED BY RISK EMPLOYEE ASSUMED, DEMURRER WAS PROPER REMEDY.—Where only reasonable inference which could be drawn from language of complaint by plaintiff, employed as painter, injured while lifting large bucket in which paint was mixed, was that alleged injury was brought about by risk which plaintiff voluntarily assumed, demurrer was proper remedy.

Before FEATHERSTONE, J., Charleston, October, 1926. Affirmed.

Action by F. H. Steinmeyer against the Marine Hotel Corporation. From an order sustaining a demurrer to the complaint, plaintiff appeals.

Omitting the formal parts, the order sustaining demurrer is as follows:

NOTE: On servant's assumption of risk of overstraining muscles in lifting weights under immediate direction of master, see annotation in 25 L. R. A. (N. S.), 362.

On liability of master for injury to servant who lifts or carries heavy objects under orders and against his protest, see annotation in 10 A. L. R., 1399.

This matter comes before me on the defendant's demurrer to the complaint. The demurrer is upon the ground that the complaint does not state facts sufficient to constitute a cause of action, in that:

(1) The complaint does not allege any breach of a duty owed by the defendant to the plaintiff herein.

(2) It appears from the complaint that the injury which the plaintiff alleges that he sustained was one the risk of which the plaintiff assumed.

After hearing counsel for both parties, and upon careful consideration, I am of the opinion that the demurrer must be sustained.

The complaint alleges that plaintiff was employed as a painter, and in the course of his work had to take paint from a large bucket in which it was mixed. There being nothing furnished with which to dip the paint out, he had to lift the large bucket, and in so doing injured himself. The complaint goes on to allege that the defendant was negligent and reckless in the following particulars:

(a) In failing and omitting to furnish plaintiff with reasonably safe appliances to carry on his work.

(b) In failing and omitting to furnish said plaintiff with a small and light can or bucket, or some similar and suitable appliance for dipping paint out of the heavy bucket, so as to avoid the necessity of plaintiff being required to raise said heavy bucket.

There is no allegation that the servant was inexperienced or that the master specifically required him to lift the heavy bucket, or that he complained to the master of the lack of a dipper. While it is true that in his specifications of negligence the plaintiff alleges that the defendant failed in his duty to furnish safe appliances for the work, I think it clearly apparent from the allegations of the complaint that the plaintiff lifted the heavy bucket in question of his own accord. I am, therefore, of the opinion

that the complaint does not allege any breach of a duty which the master owed to the servant.

As to the second ground of demurrer, I think there can be no doubt that it should be sustained. The unbroken current of decisions in other jurisdictions. is to the effect that where a servant sustains injuries from. lifting a weight which is beyond his strength, the master is not liable for the resulting injury, for the reason that the servant is held to have assumed the risk of such injury. These decisions are founded upon common sense and reason. The servant is the best judge, and, in fact, he is the sole judge, of his own strength. *Ehrenberger v. Railway Co.,* 182 Iowa, 1339; 163 N. W., 735; 10 A. L. R., 1388. *Williams v. Kentucky River Power Co.,* 179 Ky., 577; 200 S. W., 946; 10 A. L. R., 1396, with note citing numerous. authorities. *Stenvog v. Railway Co.,* 108 Minn., 199; 121 N. W., 903; 25 L. R. A. (N. S.), 362; 17 Ann. Cas., 240,. with note citing numerous authorities. 39 C. J., 766.

These decisions have been followed by our Supreme Court in the case of *Harmon v. Seaboard Air Line Railway Company,* 110 S. C., 153; 96 S. E., 253, where a nonsuit was sustained in the case of a servant who was injured while lifting a piece of timber, along with other employees of the railroad company. I think that the case made out by the complaint here is decidedly weaker than that made out by the plaintiff's evidence in the *Harmon case.*

It is true that the Court will not ordinarily dismiss. a complaint on demurrer on the ground of assumption of risk, that being an affirmative defense and a question for the jury. Our Courts have held, however,. that while contributory negligence is ordinarily a matter of defense, yet if the complaint shows contributory negligence by the plaintiff, that will render the complaint demurrable for insufficiency, since it contains allegations that would defeat the cause of action alleged. *Jarrell v. Railway,* 58 S. C., 491; 36 S. E., 910. *Elkins v. Railroad Co.,*

64 S. C., 553; 43 S. E., 19. *Smith v. Railway Co.,* 80 S. C., 1; 61 S. E., 205.

The only reasonable inference which can be drawn from the language of the complaint here is that the alleged injury was brought about by a risk which the servant voluntarily assumed, and I can see no reason why demurrer is not the proper remedy.

It is, therefore, ordered that the demurrer herein be sustained and that the complaint be, and the same is hereby, dismissed, with costs.

*Messrs. Logan & Grace,* and *John I. Cosgrove,* for appellant, cite: . *What assumption of risk may be set up as a defense:* 112 S. C., 544; 123 S. C., 207; 137 S. E., 198. *Cases distinguished:* 10 A. L. R., 1388; *Id.,* 1396; 25 L. R. A. (N. S.), 362; 110 S. C., 154.

*Messrs. Huger, Wilbur, Miller & Mouzon,* for respondent, cite: *Assumption of risk:* 10 A. L. R., 1388; 25 L. R. A. (N. S.), 362; 10 A. L. R., 1396; 39 C. J., 766; 110 S. C., 153. *Cases distinguished:* 112 S. C., 541; 123 S. C., 199; 137 S. E., 198; 39 C. J., 945. *Demurrer sustainable on facts of case:* 94 S. E., 835; 110 S. C., 153; 58 S. C., 491; 80 S. C., 1; 64 S. C., 553; 69 S. C., 479. *Fundamentals of assumption of risk and contributory negligence are the same:* 18 R. C. L., 675; 66 S. C., 204.

December 13, 1927.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The order of his Honor, Judge Featherstone, sustaining the defendant's demurrer to the complaint, is entirely satisfactory to this Court and is accordingly affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER, and CARTER concur.