14140

WALKER v. LIFE INSURANCE COMPANY OF VIRGINIA

(181 S. E., 463)

*Messrs. E. J. Best* and *Cooper & Maher,* for appellant,

*Messrs. Thomas, Lumpkin & Cain,* for respondent,

September 26, 1935.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action, commenced in the Court of Common Pleas for Richland County June, 1932, by Wallace Walker, by his guardian *ad litem,* L. E. Walker, as plaintiff, against the defendant, Life Insurance Company of Virginia, is an action to recover judgment against the defendant in the sum of $3,000.00 alleged damages, actual and punitive, for the alleged breach of an insurance contract on the part of the defendant, accompanied by a fraudulent act; the policy of insurance in question having been issued by the defendant company upon the life of the said Wallace Walker November 22, 1926. In this connection the plaintiff alleges as follows:

"That the said policy of insurance continued in force and effect until some time in 1929 when the defendant and its agent took the said policy of insurance and together with the receipt book under the pretext or guise of having the same revived, but after repeated demands the defendant company and its agent have refused to return the said policy or receipt book to the plaintiff or her agent but have retained the same in the custody and possession of the said defendant and its agent.

"5. That at the time the said policy of insurance and receipt book were taken by the defendant and its agent it was in full force and effect and needed no revival.

"6. That the acts and conduct of the defendant company and its agents as above set forth were fraudulent, intentional, willful and unlawful, to the damage of the plaintiff three thousand dollars."

In its answer the defendant denied generally the allegations of the complaint and alleged that the said policy lapsed for the nonpayment of premiums. Issues being joined, the case was tried at the September, 1934, term of said Court before his Honor, Judge M. M. Mann, and a jury, resulting in an order of nonsuit, based on defendant's

motion, "on the grounds that the plaintiff has failed to offer testimony sufficient to show a cause of action for wrongful breach of contract accompanied by a fraudulent act."

From the said order of nonsuit the plaintiff has appealed to this Court, imputing error to the trial Judge as set forth in his exceptions, to wit:

"1. The trial Judge erred in granting the defendant's motion for a nonsuit in that the entire testimony conclusively established that the defendant, by its conduct, had not only brought about a lapse of the policy of the plaintiff, but that such breach on the part of the defendant was accompanied by a fraudulent act.

"2. It was error on the part of the trial Judge to grant the defendant's motion for a nonsuit in that the testimony established that, not only the policy of the plaintiff, but the receipt book and all other physical evidence of the contract which existed between the parties had been procured from the plaintiff through the false representations on the part of the defendant's agent, when said policies needed no revival or reinstatement at such time, and, that such act caused the policy to lapse while in the possession of the defendant.

"3. The Court further erred in granting the motion of the defendant for a nonsuit in that the evidence established that after it had procured the possession of the policy of the plaintiff and the receipt book containing the evidence of premium payments that it retained the same in its possession and that the plaintiff, after repeated efforts, was never able to regain the possession of the same and that the policy met its demise and became lapsed and forfeited in consequence and as a result of such conduct on the part of the defendant and its agents."

It is the contention of appellant that the facts in the case at bar being, in effect, the same as the facts in the cases of *Sally Medlin v. Life Insurance Company of Virginia,* 175 S. C., 161, 178 S. E., 615, and *Margaret Louise Walker v. Life Insurance Company of Virginia,* 175 S. C., 153, 178 S.

E., 618, that the rule declared by this Court in those cases should govern the case at bar, and that, therefore, the order of nonsuit should be reversed and the case remanded to the lower Court for trial. As we understand the position of the respondent, the respondent concedes that the facts in the case at bar are, in effect, the same as the facts appearing in the case of *Sally Medlin v. Life Insurance Company of Virginia, supra,* and in the case of *Margaret Louise Walker v. Life Insurance Company of Virginia, supra,* but requests this Court to review the decision in those cases, and contends that the Court was in error in the decision in those cases. After careful consideration, the Court is of the opinion that the decision in the two cases mentioned, *Sally Medlin v. Life Insurance Company of Virginia, supra,* and *Margaret Louise Walker v. Life Insurance Company of Virginia, supra,* should stand and that the rule declared therein should govern the case at bar.

The exceptions are therefore sustained and it is the judgment of this Court that the order of nonsuit appealed from be, and is hereby, reversed and the case remanded to the lower Court for trial.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.