16974

·CATHERINE WILLIAMS, Respondent, v. UNITED INSURANCE
COMPANY, Appellant
(86 S. E. (2d) 486)

*Messrs. Turner, Harter & Padget,* of Columbia, *for Appellant,*

*N. Heyward Clarkson, Jr., Esq.,* of Columbia, *for Respondent,*

March 7, 1955.

TAYLOR, Justice.

Plaintiff-respondent on November 5, 1953, served upon appellant her complaint, the pertinent parts of which are hereafter referred to, and prays for judgment in the sum of $5,000.00. The defendant duly demurred on the grounds that such does not state facts sufficient to constitute a cause of action.

On May 20, 1954, the Honorable J. B. Pruitt, presiding Judge, filed his Order overruling Appellant's demurrer. The complaint appears as follows:

"2. That heretofore on the 2nd day of August, 1948, the Service Life and Health Insurance Company, Columbia, S. C., a corporation organized and existing under and by virtue of the laws of the State of South Carolina doing business in the State of South Carolina, issued to the plaintiff two policies of insurance each bearing the date August 2, 1948, described and designed as follows:

"Policy No. A-5298—Insurance against death, sickness and accident on a weekly premium basis of thirty-five cents per week and described by said Company as 'Special Gold Seal Policy'. Policy No. H-5312—Insurance against death, hospital and surgery and sickness or accident, on a weekly premium basis of sixty-five cents per week."

The premiums for which were paid and said policies delivered to the plaintiff.

"3. That on or about the 6th day of October, 1952, the defendant United Insurance Company purchased all of the weekly premium life, health, accident, hospital and industrial insurance business or policies of the Service Life and Health Insurance Company and as part and parcel of said transfer, assumed all of the rights, duties, obligations and liabilities of the insurer in the policies so transferred and assumed; that among the policies so transferred to the defendant and assumed by it were the above-mentioned policies issued to the plaintiff and that the defendant received the premiums paid thereon by plaintiff after such transfer.

"4. That an agent for the defendant and its predecessor the Service Life and Health Insurance Company called

weekly at the home of the plaintiff to collect the premiums thereon from the date of the issuance up to, and including the 23rd day of February, 1953, and the plaintiff paid said premiums to said agent from the 2nd day of August, 1948 up to and including the 23rd day of February 1953, as aforesaid, a period of 4½ years; that the last premium payment on each of said policies was delivered on behalf of the plaintiff to agent of defendant at the home of the plaintiff on February 23, 1953, at which time the agent accepted said premiums then tore up the premium receipt book and told the person delivering said premiums the policies for which they were paid were no longer any good as the company had gone out of business, or words to that effect or import, then left plaintiff's home and has never returned.

"5. That the plaintiff has little education and no knowledge of business, nor did she know where to go, who to see or what to do, as a result of the acts and doings of defendant's agent, as above set forth, particularly so since she did not know the name of the agent who collected the premiums, or the address of the defendant company, but that she was and has continued to be ready and able to pay the aforesaid premiums and was and has been prevented from so doing by the wilful and fraudulent acts of the defendant, its agent and servants, as herein set out, and by her own ignorance, of which the defendant, its agents and servants, were well aware.

"6. That subsequently on or about April 6, 1953 plaintiff was taken ill and underwent an operation necessitating a stay of two weeks in a hospital and the loss of additional time from her employment, for the expense of which, and loss of time caused thereby, she would have been compensated according to the terms of the abovementioned policy, except for the wrongful, illegal and fraudulent acts and doings of the defendant, its agents and servants as hereinabove set forth, and that by reason thereof she has been injured and damaged to the extent of $2,500.00 as actual and punitive damages.

"For a Second Cause of Action

"1. Plaintiff repeats Paragraphs 1 through 3 as set forth in the First Cause of Action herein.

"2. That plaintiff herein paid premiums on said policies from the date of issuance up to and including the 23rd day of February, 1953 when she was thereafter prevented from paying said premiums by the defendant, its agent, and servants, as set forth in Paragraph 4 of the First Cause of Action herein.

"3. That by the terms of Paragraph 8 of said Policy No. A-5298, designated 'Special Gold Seal Policy' it is absolutely void, if any policy on the life of the insured has been issued by the company and is in force, unless it contains an endorsement by an officer of the company that such prior policy may be in force; and that Policy No. H-5312 has the same condition therein, set out as Paragraph 15, and that neither of these policies have an endorsement permitting the other, yet both were issued at the same time and the premiums therefor received by the same agent.

"4. That as a result of the provisions of the foregoing policies according to the terms thereof, both of said policies were void in their inception and of no effect, giving the plaintiff no protection whatever, and meanwhile, with full knowledge of this fact, the defendant, its agents and servants proceeded to and continued to, collect premiums on said policies from the plaintiff permitting her and leading her to believe that she was fully covered by same and protected according to their terms, and plaintiff so thought and believed, else she would not have paid premiums thereon.

"5. That collection and acceptance of the premiums from the plaintiff as above set forth was wilful and deliberate for the purpose of obtaining money from the plaintiff with full knowledge by the defendant, its agents and servants, that the plaintiff was receiving nothing in return and such acts and doings were wilful, illegal and a violation of the plaintiff's rights and wrongful and illegal taking of her money,

all to the injury and damage of the plaintiff in the sum of $2,500.00, actual and punitive."

The facts alleged must be considered as true and liberally construed in favor of Plaintiff along with those relevant inferences deducible therefrom in determining the question on demurrer. *Webber v. Farmers Chevrolet Co.,* 186 S. C. 111, 195 S. E. 139.

From the complaint it appears the insured had been paying premiums for approximately four and one-half years; that upon payment of the last premium the agent destroyed the premium receipt book stating that the policies were no longer of any value; that the company had gone out of business, which at its best could be considered only a half-truth, and he no longer called at the home for the collection of premiums as had been done in the past; that the insured being a person of little education and not knowing the name of the company or agent was thereby prevented from paying the premiums thereafter due to the hurt of the insured which is sufficient in our opinion to require the consideration of a jury under *Wilkes v. Carolina Life Ins. Co.,* 166 S. C. 475, 165 S. E. 188.

In *Walker v. Life Insurance Company of Virginia,* 177 S. C. 387, 181 S. E. 463, a nonsuit was held improper in an action against an insurer for breach of insurance contract accompanied by an alleged fraudulent act in obtaining the policy and receipt book by deceit. See also *Medlin v. Life Insurance Company of Virginia,* 175 S. C. 161, 178 S. E. 615; *Sturkie v. Commonwealth Life Insurance Co. of Louisville, Ky.,* 180 S. C. 177, 185 S. E. 541; *Neely v. Industrial Life & Health Ins. Co. of Atlanta,* 192 S. C. 71, 5 S. E. (2d) 568.

For a second cause of action the complaint alleges that the policies were issued at the same time; if this be true, neither was prior to the other, and, therefore, neither comes within the voidance clause. Further, there is no allegation to the effect that the company

has declared a forfeiture or refused to pay any claim by reason of such clause. Paragraph four does state that both policies are void by reason of the exclusion clause, but, in our opinion, this is not a statement of fact upon which a cause of action might be based but a conclusion of law which is not admitted by the demurrer.

It is the opinion of this Court that the demurrer should be overruled as to the first cause of action and sustained as to the second, and it is so ordered.

STUKES, OXNER and LEGGE, JJ., and G. BADGER BAKER, Acting Associate Justice, concur.