17913

Jack H. PLAYER, Appellant, v. C. B. PLAYER, individually and as Executor under the Will of Elizabeth M. (Hannah E.) Player, Respondent.

(125 S. E. (2d) 636)

*Messrs. McEachern, Townsend & Zeigler,* of Florence, *for Appellant,*

*Messrs. Lee & Moise,* of Sumter, *for Respondent,* 

May 14, 1962.

LEWIS, Justice.

This is an appeal by the plaintiff from an order of the lower court sustaining a demurrer to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action.

The complaint alleges, substantially, the following facts: In January, 1944, W. W. Player died leaving his will in which he, in substance, devised various parcels of land to his several children, subject to a life estate in his wife,

Elizabeth M. Player. The plaintiff and defendant are among the children of Mr. Player. Subsequent to his death, his devisees entered into a family agreement under which Mrs. Player, the life tenant, released her life estate in the various parcels of land left by her husband and put her children into possession of their respective tracts upon condition that each child should separately pay to her the annual sum of $200.00 in lieu of her life estate. Mrs. Player also reserved to herself for life the use of the dwelling house and two acres of land around the same. This agreement was approved by order of court in a proceeding subsequently brought and under said order the annual payments required of each child were made a lien upon the land of each. Each child went into possession of his or her respective tract after the execution and confirmation of the foregoing family agreement. None of the children made any of the annual payments to their mother as required by their agreement, except the plaintiff who, it is alleged, provided practically all of her support for 12½ years. She died in January, 1961, leaving a will in which the defendant C. B. Player was named as executor. A verified claim for board and lodging for his mother for 12½ years, less certain credits with which we are not now concerned, was filed by plaintiff with the defendant, as executor of their mother's estate. This claim was in due course denied by the defendant and this action was subsequently instituted by the plaintiff against the defendant, individually and as executor of Mrs. Player's estate.

The complaint, after setting forth substantially the foregoing facts, alleges that Mrs. Player, during the time in which she resided with the plaintiff, "specifically and repeatedly stated to the plaintiff that he was to receive the payments of Two Hundred ($200.00) Dollars per year from the other remaindermen for her support, which statement constitutes an equitable assignment of the liens upon the premises devised to the remaindermen under the will of W. W. Player." It is then alleged that plaintiff is entitled to

foreclosure of his equitable lien against the premises now belonging to the defendant and to the sale of the same to satisfy the defendant's proportionate part of the claim for support of their mother, Mrs. Player.

The defendant, both individually and in his representative capacity, demurred to the complaint upon the ground that the complaint failed to set forth facts sufficient to constitute a cause of action in that (a) the facts alleged do not constitute an equitable assignment of the lien held by Mrs. Player and in the absence of such assignment no cause of action is alleged against the defendant individually, and (b) no cause of action is alleged and no relief is sought against the defendant in his representative capacity. The defendant also interposed, in the alternative, a demurrer to the complaint upon the ground that there had been improperly joined therein a cause of action against the defendant individually for the foreclosure and enforcement of an alleged equitable lien and one against the defendant in his representative capacity to enforce a claim against said estate. The lower court sustained the demurrer for insufficiency of facts to state a cause of action upon both of the foregoing grounds, thereby eliminating the necessity of passing upon the alternative demurrer for misjoinder of causes of action.

Since there has been no appeal from the ruling of the lower court that the complaint fails to state a cause of action against the defendant in his representative capacity, the sole question involved here is whether or not the lower court erred in sustaining the demurrer upon the ground that the complaint failed to state facts sufficient to constitute an equitable assignment by Mrs. Player of the lien held by her over the premises owned by the defendant. The question, argued in the brief of appellant, that the executor of the estate of Mrs. Player was a necessary or, at least, a proper party to an action to foreclose the alleged equitable lien was not raised by the demurrer and is, therefore, not properly before us for consideration.

The plaintiff concedes, and we agree, that the only cause of action attempted to be alleged in the complaint is one for foreclosure of the lien over defendant's property, based upon the alleged equitable assignment thereof to plaintiff by his mother.

"An equitable assignment is such an assignment as ■ gives the assignee a title which, though not cognizable at law, will be recognized and protected in equity. 'It is in the nature of a declaration of trust, and is based on principles of natural justice and essential fairness, without regard to form.' 5 C. J. 837." *Smith v. Folsom,* 190 Ga. 460, 9 S. E. (2d) 824, 831.

The general principles governing equitable assignments were discussed by this Court in two cases of the same title. *Carwile, Rec. v. Metropolitan Life Insurance Co.,* 136 S. C. 111, 134 S. E. 275; *Carwile, Rec. v. Metropolitan Life Insurance Company,* 136 S. C. 179, 134 S. E. 285. See also: 6 C. J. S., Assignments, §§ 58 and 59; 4 Am. Jur., Assignments, Section 76.

As stated in 6 C. J. S., Assignments, § 58, page 1101: ■ "No particular form is necessary to constitute an equitable assignment, and any words or transactions which show an intention on the one side to assign and an intention on the other to receive, if there is a valuable consideration, will operate as an effective equitable assignment, * * *."

However, from the foregoing authorities it appears ■ that, in order to constitute an equitable assignment it must appear that an immediate, complete, and irrevocable change of ownership with respect to the fund in question was contemplated by the parties, so that the assignor loses all control over the fund in question and the debtor can safely pay to the assignee. "The true test of an equitable assignment is said to be whether the debtor would be justified in paying the debt to the person claiming to be the assignee." 4 Am. Jur. 289, § 76.

The issue to be decided arises on demurrer. And "it is elementary that in passing upon a demurrer, the Court is limited to a consideration of the pleadings under attack, all of the factual allegations thereof that are properly pleaded are for the purpose of such consideration deemed admitted. We have also held that when a fact is pleaded, whatever inferences of law or conclusions of fact may properly arise from it, are to be regarded as embraced in such averment." *Outlaw v. Calhoun Life Insurance Co.,* 236 S. C. 272, 113 S. E. (2d) 817, 818. In determining the sufficiency of a complaint on demurrer the facts alleged will be liberally construed in favor of the plaintiff along with those relevant inferences deducible therefrom. *Williams v. United Insurance Co.,* 226 S. C. 574, 86 S. E. (2d) 486; *Strong v. Winn-Dixie Stores, Inc.,* 235 S. C. 552, 112 S. E. (2d) 646.

In the light of the foregoing principles we think the complaint sufficient against demurrer. It is undisputed that Mrs. Player held a lien over the property of the defendant to secure the payment to her by him of the annual payments of $200.00 and that she had the legal right to assign such lien. The transactions here involve only members of the family, all of whom were parties to the family agreement out of which the obligation to pay the annual sums arose. Since the annual payments, required of each of the children, were in lieu of Mrs. Player's life estate in the property left by her husband, it is not unreasonable to assume that such payments were for her support. It is admitted, for the purposes of this demurrer, that none of the other children, including this defendant, made any of the annual payments which they were required to make under the above mentioned family agreement and order of court confirming the same, and that the plaintiff for 12½ years provided the entire maintenance and support for his mother upon her repeated statements that he "was to receive the payments of $200.00 per year from the other remaindermen for her support." Why these annual payments were

280

never paid by the defendant and the other children does not appear. The inference is consistent with plaintiff's cause of action that Mrs. Player did not collect because she had assigned them to plaintiff.

The intent of Mrs. Player in repeatedly making the statement to plaintiff that "he was to receive the payments of Two Hundred ($200.00) Dollars per year from the other remaindermen for her support", and the effectiveness thereof to constitute an equitable assignment of her lien to plaintiff, does not so unmistakably appear as to present only a question of law, but is a factual issue which must be determined, in the light of the foregoing legal principles, not only from the words used, but from all of the facts and circumstances surrounding the transaction. We recognize that the material facts alleged give rise to divergent inferences, but these can only be resolved on a trial of the merits, about which, of course, we indicate no opinion here.

Accordingly, the order sustaining the demurrer is overruled, and the cause is remanded, with leave to the defendant to answer the complaint within twenty days after notice to their counsel of the filing of the remittitur.

Reversed and remanded.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.