18440

Russell G. PLEASANT, Respondent, v. David J. MATHIAS and Margaret C. Mathias, d/b/a Mathias Sandwich Shop, Appellants.

(145 S. E. (2d) 680)

*Messrs. Turner, Padget, Graham & Laney,* of Columbia, *for Appellant,*

*Messrs. Malcolm E. Rentz* and *Charles B. Bowers,* of Columbia, *for Respondent,*

December 17, 1965.

BUSSEY, Justice.

This is an action to recover damages for allegedly serious and permanent personal injuries, sustained by the plaintiff while engaged in attempting to perform a gratuitous service for the defendants, in the repair of a broken glass door at

the front of a sandwich shop operated by the defendants. The defendants demurred to the complaint, for insufficiency of facts to state a cause of action, and have appealed from an order of the circuit court overruling the demurrer.

It is elementary that the complaint must be construed liberally in favor of the pleader and sustained if the facts alleged and the inferences reasonably deducible therefrom entitle the plaintiff to relief on any theory of the case. See *Everett v. White,* 245 S. C. 331, 140 S. E. (2d) 582; *Player v. Player,* 240 S. C. 274, 125 S. E. (2d) 636; 15 West's South Carolina Digest, Pleading, 34, 204(2).

We summarize the allegations of the complaint in the light of the foregoing principles. The defendants at the time were engaged in business under the name and style of Mathias Sandwich Shop, and the front door glass thereof was cracked and broken. The defendant, Margaret C. Mathias, after unsuccessful attempts to have the glass replaced or repaired by one or more glass companies, acting by and through an agent one Taylor, called the plaintiff and asked him to come and place something temporarily at the door. At the time the said Margaret C. Mathias knew the plaintiff was totally and completely inexperienced with respect to the task she called him to perform and the dangers thereof. The plaintiff gratuitously responded to defendant's request, and when he arrived at the premises neither the said Taylor nor the said Margaret Mathias were present. In attempting to remove the glass from the door, so that he might place a piece of plywood over the opening, the glass shattered, severely lacerating and cutting the forearms of the plaintiff.

*Inter alia,* the complaint alleges that the defendants knew, when they asked the plaintiff to gratuitously assist them, of the inherently unsafe and dangerous conditions then existing. They failed to provide plaintiff adequate assistance; they failed to furnish him any proper tools, equipment or appliances which the defendants knew were required to do the task; and they failed to warn the plaintiff, whom they knew

to be uninformed and inexperienced, of the dangerous nature of the task to be performed by the plaintiff. The conduct of the defendants in the foregoing particulars was negligent, reckless and willful, and the proximate cause of plaintiff's injuries.

The defendants argue that the demurrer should have been sustained, first because they owed no duty to the plaintiff, or, if any duty was owed, such had been fulfilled; and secondly, that the plaintiff had assumed the risk of injury, or that any injury sustained by him was proximately caused by his own negligent acts.

With respect to the appellant's first point, it is mistakenly assumed and contended, that plaintiff, under the facts alleged, was merely an invitee and that the only duty owed him was to advise him of the condition of the door, which duty was performed at the time he was called. For the purpose of consideration of the demurrer, it cannot be said that the plaintiff was merely an invitee. His sole purpose for going upon the premises was to perform a service for the defendants at the request of the defendants. Appellants assume that he was only an invitee because his service was being gratuitously performed. Such fact does not mean that he was not an employee, with respect to the duties owed him. In 56 C. J. S., Master and Servant, § 2e, p. 39, it is said:

"Although it is unquestionably one of the indicia of a contract of employment creating a master and servant relation, the receipt of a stated wage is not essential to create, nor does it necessarily establish the existence of, such a relation; the relationship may exist although the servant neither expects nor is entitled to any compensation."

Two of our own decisions are in accord with the above stated proposition that the relationship may exist although the servant neither expects nor is entitled to any compensation. *Jackson v. Southern Ry., Carolina Division,* 73 S. C. 557, 54 S. E. 231; *Tucker v. Buffalo Cotton Mills,* 76 S. C. 539, 57 S. E. 626.

We, of course, do not here decide whether the relationship of master and servant actually existed. For the purpose of sustaining the complaint against the demurrer in this respect, it is sufficient that the facts alleged reasonably give rise to, the inference that such relationship existed. Assuming that relationship, it is obvious that the complaint alleges dereliction, in more than one particular, of the duties owed by a master to a servant.

Moreover, since the complaint clearly alleges, as the proximate cause of his injuries, dereliction by the defendants with respect to such duties, it certainly cannot be said that the complaint shows on its face that plaintiff's injuries were proximately caused by his sole negligence, as asserted in the demurrer.

Appellant's only other contention is that the demurrer should have been sustained under the doctrine of assumption of risk. As was pointed out in *Steinmeyer v. Marine Hotel Corporation,* 142 S. C. 358, 140 S. E. 695, the court will not ordinarily dismiss a complaint on demurrer on the ground of assumption of risk, such being usually an affirmative defense and a question for the jury. In that case a demurrer to the complaint was sustained on the ground that the only reasonable inference which could be drawn, from the language of the complaint, was that the alleged injury was brought about by a risk which the servant voluntarily assumed. The cited case is the only decision by this court coming to our attentiton wherein a demurrer was sustained on that ground. The facts of the case were, we think, clearly distinguishable from the facts in the instant case. Under all of the circumstances reflected by the complaint, we do not think that it could be soundly said that the only reasonable inference which can be drawn from the facts alleged, is that plaintiff's injuries were brought about by a risk which he voluntarily assumed.

While the question is a close one, we think that under a liberal construction of the rather broad and general allega-

tions of the complaint, the lower court properly overruled the demurrer, leaving the issue of whether the plaintiff has in fact a cause of action to be determined upon the trial of the case.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.